SYLVANUS WESTGATE & another *vs*. MARY P. MUNROE.

In an action on an account for work done on the separate property of a married woman, evidence that it was done with her knowledge may warrant the jury in finding that she agreed to pay for it, but raises no presumption of law that she did so which authorizes the judge to direct a verdict for the plaintiff.

CONTRACT for work done and materials furnished in repairing a dwelling-house. At the trial in the superior court, before *Brigham*, J., it was agreed that the defendant was the wife of Hezekiah Munroe, to whom she was married before 1857, in which year the land on which the house was built was conveyed to her, to her sole and separate use; and that the plaintiffs afterwards did the work and furnished the materials with her knowledge and while she was living in the house with her husband and children; and there was evidence that one of the children paid the plaintiffs fifty dollars on account of their bill for the repairs, saying that his father sent the money. On the agreed facts and this evidence, the judge directed a verdict for the plaintiffs, and reported the case for revision by this court, judgment to be entered on the verdict if his ruling was correct, otherwise a new trial to be ordered.

*J. C. Blaisdell*, for the defendant.

*W. H. Pierce*, for the plaintiffs.

HOAR, J. The defendant, being the owner of real estate which was conveyed to her sole and separate use, had, although a married woman living with her husband, the same power to make a contract respecting it as if she were sole. Gen. Sts. *c.* 108, §§ 3, 5. The exception that she cannot convey it without her husband's assent is not material in the present case. We therefore so far agree with the ruling at the trial as to entertain no doubt that if a person, with the knowledge of the owner, performs valuable services upon the separate property of a married woman, it is evidence of an employment by her, and may authorize a jury to find a contract by her to pay for it. But we do not think that this is a presumption of law which would authorize the learned judge to withdraw the case from the con-

sideration of the jury, and direct them to find a verdict for the plaintiffs. It is a mere inference of fact, which only .the jury are competent to make. 2 Greenl. Ev. § 108.

In *James* v. *Bixby*, 11 Mass. 37, cited for the plaintiffs, it is said by the court that " when a ship is repaired under the eye of the owner there is an implied promise on his part to pay for the work; as there is against the owner of a house, that he will pay for repairs done upon it; the law in such cases presuming a request, if the owner suffers the work to proceed." There was no occasion for absolute accuracy in the statement of the rule which the court used as an illustration; but it would have been more accurate to say that the law considers it " as evidence from which a request may be presumed." The question is still open whether there was an actual employment by the owner. Thus, where there is a tenant in possession, it would be a question for a jury, whether, from the nature of the repairs, and all the other circumstances of the case, they would believe that the work was done for the tenant or the landlord.

In the case at bar, the defendant was living with her husband and family in the house upon which the repairs were made. There was evidence tending to show that the plaintiffs received a partial payment for their work from the husband. These circumstances were for the consideration of the jury; who, if they were satisfied upon the whole evidence that the work was done for the defendant, might so find. But as the conclusion either way was an inference of fact, it should have been submitted to **the jury.** *Exceptions sustained.*