WILLIAM N. ARNOLD *vs.* MARY J. SPURR.

Middlesex.    January 11. — February 21, 1881.    COLT, J., absent.

Evidence that a husband, who had the management of a parcel of land of his wife, ordered materials for building a house on the land, and that the wife knew that the house was building, and occupied it when finished, will warrant the jury, in an action against her for the price of the materials, in finding that the husband acted as her agent.

CONTRACT upon an account annexed for lumber sold and delivered.

At the trial in the Superior Court, before *Colburn*, J., the evidence tended to show that, in 1876, the defendant owned a piece of land in Winchester, on which was situated a barn and a house, which she and her husband then occupied; that, in that year, a second house was erected on the land, about one hundred and fifty feet from the first house; that Abram P. Palmer, a carpenter, was employed under an oral agreement with George

W. Spurr, the defendant's husband, to furnish the labor and ma-
terials to build the second house, with the defendant's knowledge
and without any objection on her part, and had been paid there-
for by the husband; that the barn had been injured by fire, and
Palmer was employed by the husband to repair it; that certain
extra work was performed by Palmer, such as making a storm
door, cold-air box and coal bins to the second house; that the
lumber used by Palmer in repairing the barn and in the extra
work was furnished by the plaintiff and charged to the husband,
the plaintiff and Palmer believing at the time that he was the
owner of the land on which the barn and houses were situated;
that, after repeated demands by the plaintiff upon the husband
for payment, he failed to pay for the lumber furnished, on ac-
count of financial embarrassment; that thereupon the plaintiff
made inquiry and ascertained that the defendant owned the
land and buildings thereon at the time the lumber was furnished
by him; that the defendant was fully aware of the erection of
the second house on her land, and of the repairs on the barn
by Palmer; that Palmer was employed by the day in this work,
and was not to furnish materials; that George W. Spurr had
the management of said property of his wife, the defendant, and
gave all necessary directions and orders regarding the same;
and that the defendant and her husband moved into the new
house as soon as it was finished, and have continued to occupy
it, the title remaining in her. The defendant offered no evi-
dence.

The judge ruled that, on the above evidence, there was
nothing to go to the jury; that the evidence would not authorize
them to find that the husband was acting as the agent of the
wife in contracting this debt; and directed a verdict for the
defendant. The plaintiff alleged exceptions.

*J. T. Wilson*, for the plaintiff.

*S. J. Elder*, for the defendant, submitted the case without
argument.

LORD, J. We are not called upon to decide whether the evi-
dence in this case was sufficient to sustain the burden of proof,
which was on the plaintiff, but only whether there was evidence
proper for the consideration of the jury upon the issue pre-
sented; and we think there was.

It is, of course, incumbent upon an excepting party to show that his rights have been injuriously affected in the conduct of the trial. There is no such presumption in his favor; and when therefore it is said that " George W. Spurr had the management of said property of his wife, the defendant, and gave all necessary directions and orders regarding the same," it is not to be assumed that it was as an agent of the defendant that he had the management, nor are the acts which he did in such management, nor the directions and orders, to be presumed to be of such a character as to prove agency. The fact, however, that he had such management, and that he did give such directions, was in itself a competent fact, and was of itself some evidence that he was acting in behalf of the owner of the estate. The facts that the defendant was the owner of the estate upon which the work was done, that it was done for her benefit, that the goods furnished by the plaintiff went to her benefit, and that she had knowledge that the goods were thus furnished, and no measures were taken by her to show that, although she was receiving the benefit of the property, she was not to be liable for the cost of it, were all competent upon the question whether the work was being done for her. It is to be observed that her husband did not contract with the plaintiff personally, but that the carpenter, who was making repairs, ordered the materials furnished by the plaintiff; and it does not appear whether it was by his order, or how otherwise, that they came to be charged to the husband. It does not appear that he requested the materials to be charged to himself, nor does it appear that the carpenter directed them to be so charged. What appears is this : repairs were going on upon an estate occupied by the defendant and her husband ; a carpenter, who is assumed to be authorized to purchase materials, purchased them to be used upon the estate; the defendant knew they were thus used. It cannot be said that a jury would not be warranted, in the absence of all other evidence and explanation, in finding that it was the owner of the estate, the one for whose benefit the repairs were made, who was the principal, and under whose authority the carpenter was obtaining the materials. It is quite clear that the plaintiff did thus act, and so did Palmer. The case finds that, at the time the charge was made to the husband, the plaintiff thought he was the owner of the

estate. If at that time he had known that the husband was not the owner, and, at his or at any other person's request, he had notwithstanding sold them upon his credit, his relation to the subject would be entirely changed. There was evidence that he actually sold them, as he supposed, upon the credit of the owner of the estate; and there was certainly some reason for the jury to believe that the owner of the estate must also have so understood it. It is not to be presumed that between the defendant and her husband there was a designed concealment of the true ownership of the house, or of the real principal for whom Palmer should act.

The defendant was not called upon, and therefore was not required to make any explanation, or to show why credit might be supposed to be given to some other than the party really in interest, and she may have the means of explaining all these circumstances; but, in the absence of all explanation, we think it was a proper case to be submitted to the determination of the jury. *Exceptions sustained.*