BENJAMIN H. DYER *vs.* ELLEN A. SWIFT.

Barnstable.    January 21, 1891. — June 26, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Married Woman — Agency of Husband.*

In an action against a married woman to recover for painting her house upon her husband's order, there was evidence that they lived in the house and together selected the colors of the paint, that subsequently the colors were changed by her direction, and that the work was originally charged to him. There was also evidence that the plaintiff, after being told that the house belonged to her, made out his bill against the husband. Both the husband and wife testified that the former was not the latter's agent in giving such order, he stating fur-

ther that he expected to pay for the painting as a gratuity from his own money, and she that this was what she expected, having no money with which to pay for the work. *Held,* that a finding was warranted that, in making the contract, the husband acted as the wife's agent; and that the plaintiff could recover.

CONTRACT for labor performed and materials furnished by the plaintiff in painting the defendant's house.

At the trial in the Superior Court, without a jury, before *Pitman,* J., it was agreed that the report of an auditor, to whom the case was referred, should be treated as an agreed statement of facts. This report recited that the labor and materials in question were contracted for by the defendant's husband, and originally were charged to him by the plaintiff; that the house, in which the defendant and her husband lived together, belonged to the defendant, together with the land under it, the house having been built by the husband out of his own funds; that the house had been painted twice previously, and the husband had paid therefor on both occasions; that, shortly before the house was painted by the plaintiff, the husband said to him that he was going to have his house painted, and asked the plaintiff to give him samples of colors to show his wife; that the plaintiff did so, and the defendant afterwards returned the samples, saying, "We have selected these," indicating certain colors among them; that the plaintiff thereupon proceeded to do the work; that the roof of the house was painted first, and before beginning the plaintiff asked the defendant's husband if the house was to be painted the same colors as before, and the husband replied that he would call his wife and see what she thought; that he went into the house, and soon after came out with the defendant, and she told the plaintiff that she wanted the colors changed, and specified how she wanted them changed; that the plaintiff charged the work upon his books to the defendant's husband, and gave credit therefor to the husband, believing him to be the owner of the house; and that shortly before the work was done he was told by the defendant's husband that the house belonged to the defendant, subsequently to which the plaintiff presented a bill to the defendant's husband made out against him for the work.

The defendant's husband testified that, when he made the contract with the plaintiff for painting the house, he made it not as

agent for his wife, but expecting to pay for the painting from his own money, as he had done before, and as a gratuity to his wife, so far as she was benefited. The defendant testified that she never expected to pay for the painting, and that she had no money to do so with, and did not authorize her husband to make the contract as her agent, but expected that he would pay for the painting as he had done before.

The report also contained the following statement by the auditor: " If, upon the foregoing facts, which are all the facts found by me relating to the transaction, a tribunal of fact is authorized to find that the husband acted as the agent of the defendant, and that, notwithstanding he gave credit to the husband, he has a right to look to the defendant for payment of the bill, then I do find that in employing the plaintiff the husband acted as the agent of the defendant, and she is liable to the plaintiff in this suit."

The parties agreed that if, upon the statement of agreed facts, the court was of opinion that " the auditor ought not, as a matter of law, to have found for the plaintiff, judgment to be entered for the defendant; otherwise, for the plaintiff."

The judge ordered judgment for the plaintiff for the amount found by the auditor ; and the defendant appealed to this court.

The case was submitted on briefs, in January, 1891, and afterwards was re-submitted, on the same briefs, to all the judges except *Barker*, J.

*J. H. Hopkins*, for the plaintiff.

*H. P. Harriman*, for the defendant.

MORTON, J. By agreement between the parties, the auditor's report was treated as a statement of agreed facts; and it was further agreed, that if, upon such statement, " the auditor ought not, as a matter of law, to have found for the plaintiff, judgment to be entered for the defendant; otherwise, for the plaintiff." The case was tried by the court below, without a jury, and judgment ordered for the plaintiff, from which the defendant appealed. The question is whether, as matter of law, upon the facts found by him, the finding of the auditor in favor of the plaintiff was wrong, and we are of opinion that it was not.

It is true, as appears from the auditor's report, that both husband and wife testified that the husband was not the agent of

the wife in making the contract with the plaintiff. The husband stated also, that he expected to pay for the painting from his own money, as he had done before, and as a gratuity to his wife, so far as she was benefited. The wife said that she expected her husband to pay for the painting, as he had done before, and that she had no money to pay for the painting, and never expected to do so. The auditor, however, was not bound to accept this testimony as conclusive. He had a right to reject it, if he did not deem it entitled to credit. On taking the appearance and situation of the husband and wife into account, he may have considered that their testimony in this respect was not of sufficient weight fairly to meet or control the inferences to be drawn from the other facts and circumstances in the case. Disposing thus of the testimony of the husband and wife, as he might, it is clear that, under previous decisions of this court, there was sufficient evidence to justify the finding of the auditor that in making the contract with the plaintiff the husband acted as agent of the defendant. *Westgate* v. *Munroe,* 100 Mass. 227. *Gardner* v. *Bean,* 124 Mass. 347. *Lovell* v. *Williams,* 125 Mass. 439. *Arnold* v. *Spurr,* 130 Mass. 347. *Wheaton* v. *Trimble,* 145 Mass. 345. *Jefferds* v. *Alvard,* 151 Mass. 94. The fact that, after the plaintiff had been told that the house belonged to the defendant, he made out his bill against the husband, while perhaps evidence of an intention to look to the husband alone, was not absolutely conclusive of such a purpose, and of an abandonment of any claim against the defendant. *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319. *Gardner* v. *Bean,* 124 Mass. 347.

*Judgment affirmed.*