HARVARD BREWING COMPANY *vs.* NATHAN D. PRATT, administrator.

Middlesex.      March 1, 1904. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Auditor's report.

Where the parties to an action agree that an auditor's report therein shall be taken as an agreed statement of facts, and that, if the agreed facts warrant the conclusion reached by the auditor, the judgment shall follow the auditor's finding, the only question open in this court, on an appeal from a judgment following the auditor's finding, is whether the auditor was bound as matter of law to come to a different conclusion on the facts reported. In this case the facts warranted the finding of the auditor.

CONTRACT by a corporation for money alleged to have been misappropriated by the defendant to his own use while treasurer of the plaintiff, with a declaration in set-off as stated in the opinion. Writ dated September 13, 1900.

In the Superior Court the case was heard by *Pierce*, J., without a jury, upon an auditor's report, under an agreement of the parties which is stated in the first paragraph of the opinion. The judge gave judgment for the plaintiff in the sum of $11,095.65, following the finding of the auditor; and the defendant appealed.

*N. D. Pratt*, administrator, *pro se.*

*W. S. Knox*, for the plaintiff.

KNOWLTON, C. J.    The evidence in this case tends to show that the defendant's intestate, who was the treasurer of the plaintiff corporation, appropriated to his own use at different times various large sums of money which belonged to the plaintiff, and which this action is brought to recover. The question presented for our consideration relates to the first item in the defendant's declaration in set-off, which is as follows: "To services and expenses of defendant's intestate as treasurer and general manager prior to 1895, twenty-three months at $300.00, $6,900.00." This item the auditor disallowed, and the parties have agreed that his report shall be taken as an agreed statement of facts, and that if the agreed facts warrant the conclusion reached by the auditor, the judgment shall follow the auditor's finding; otherwise the finding for the plaintiff shall be reduced by the sum of $4,375.

The facts in relation to this item stated in the auditor's report, are as follows: "In the spring of 1893, before said brewery was built, and before the plaintiff had started in business, said Coffey, who had theretofore been engaged in the meat and provision business, agreed with the plaintiff to put a certain amount of capital into the corporation and work as treasurer and general manager of the same long enough to learn the business before he would ask any salary, provided he should be appointed to the position of treasurer and general manager. Said Coffey was appointed to such position and rendered some services to the plaintiff in the same up to January 1st, 1895, when in consequence of his request, made in December, 1894, to be

informed 'when he would go on salary' he was granted a salary of $2,500 per annum to begin with January 1, 1895. Such salary was in December, 1897, raised to $3,600 per annum, and said sums were respectively drawn by said Coffey as his salary while treasurer. I find that said Coffey never made any claim upon the plaintiff for salary or compensation for services rendered as treasurer and general manager previous to January 1st, 1895, until June 16th, 1898, when, trouble having arisen over the brewery affairs between the plaintiff and said Coffey, a letter was received by said Coffey from the plaintiff as follows." Then follows a letter from the plaintiff, by the chairman of its executive committee, to the defendant's intestate, bearing date June 13, 1898, informing him that for reasons well known to him the committee would recommend to the board of directors, at a meeting to be held on June 16, his dismissal from the office of treasurer, and suggesting that if he should conclude to be present at the meeting, or tender his resignation in writing, he would relieve the committee from an unpleasant duty. A reply to this letter was sent, as follows:

"Lowell, June 16, '98.

John Joyce, Pres. Harvard Brewing Co.

Sir, — Before voting on treasurership vote to pay my first year's salary and expenses, also the thirty-five hundred dollars ($3500.00) which I put in for a cash start, making a total of seven thousand five hundred dollars ($7500.00), which is only a small part of what I have spent for the brewery.

Salary . . . . . . . . . . . $2,500
Expenses . . . . . . . . . . 1,500
Cash put in for start on books . . 3,500
_____
$7,500

Respectfully yours,

John H. Coffey."

"No evidence was submitted of any other request to or demand on the plaintiff by said Coffey, that he should be paid for services rendered the plaintiff prior to January 1, 1895."

The burden of proof was on the defendant to establish his claim for the amount of this item. The agreement of the parties presents the question whether the auditor was bound, as

matter of law, to find affirmatively that the plaintiff was indebted for these services. *Ingalls* v. *Hobbs*, 156 Mass. 348. *Dyer* v. *Swift*, 154 Mass. 159. We think it very plain that he was not. All there is to sustain the defendant's contention is, that in the spring of 1893 the defendant's intestate was appointed treasurer, under an agreement that he should work long enough to learn the business before he would ask for any salary, and that "he rendered some services to the plaintiff," prior to his request, made in December, 1894, "to be informed 'when he would go on salary.'" The arrangement under which he was serving up to that time, the fixing of a salary of $2,500 per annum to begin January 1, 1895, in response to this request, his taking his salary at that rate and at a subsequently increased rate without ever asking for anything for services prior to January 1, 1895, until after he was informed that he was likely to be removed from his office, and other facts which appear in the report, well warranted the finding of the auditor that this item was not established as a valid claim against the plaintiff.

*Judgment affirmed.*