PATRICK J. REID *vs.* VIRGINIA MILLER & another.

Suffolk. January 11, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Contract*, What constitutes., *Evidence*, Presumptions and burden of proof. *Agency*, Undisclosed. *Husband and Wife. Practice, Civil*, Election between defendants, Election between counts, Exceptions.

At the trial of an action against a woman for the purchase price of stone alleged to have been furnished by the plaintiff for the building of a cellar upon the defendant's land, there was evidence tending to show that the land upon which the cellar was being built was the defendant's, but that the plaintiff did not know that fact until the action was commenced, and that the defendant's husband had told him that he owned the land and that he would pay for the stone. The defendant's husband testified that he had told the defendant that he was building the house upon her land and "that she knew what was being done there in a general way and she objected to my building it." *Held*, that the jury might have disbelieved the testimony of the defendant's husband that the defendant objected to the building of the house, and that the facts warranted a finding that the husband was the wife's agent in procuring the stone for the cellar, and that the agreement with the plaintiff was made by her authority.

At the trial of an action of contract against a husband and a wife, where the evidence is conflicting and, if the husband is found to have made a contract with the plaintiff as the wife's agent, the husband should not be held liable, but the wife should be, but, if such agency is not found to exist, the husband should be held liable but not the wife, an exception of the defendant to a refusal by the presiding judge to compel the plaintiff to elect as between the defendants will not be sustained if the jury are told in the charge that the plaintiff can recover against only one of the defendants.

The declaration in an action of contract against a husband and a wife contained three counts. The first count alleged that the defendants owed the plaintiff $90 for stone sold and delivered by the plaintiff to the defendants. The second count alleged that at the request of one F., an agent of the defendants, the

plaintiff delivered a part of the stone and then ceased delivery because he was not paid; that thereupon the defendants promised the plaintiff to pay $90 for the stone if he would complete the delivery, and also promised that, if the plaintiff would release F. from any claim on account of the stone and would procure an order for $90 from F. and would deliver it to them, they would pay the plaintiff $90; that the plaintiff delivered the stone and procured the order and delivered it to the defendants but that the defendants had not paid the $90. The third count, added by amendment at the trial of the case and at the close of the evidence, alleged that the defendants agreed with the plaintiff that, " in consideration that he would procure from F. an order on the defendants for $90, they would pay him $90," and that the plaintiff procured the order and delivered it to the defendants. The counts were alleged all to be for the same cause of action. At the trial, there was evidence tending to support the allegations of all the counts except that it appeared that the plaintiff did not know the defendant wife in the transaction until the action was commenced, and the jury were correctly instructed that they could find against only one of the defendants. At the close of the evidence, the defendant asked that the plaintiff be requested to elect which count he would proceed upon. The request was refused. The jury found for the plaintiff against the defendant wife only. *Held,* that the different counts were not so at variance with one another that the plaintiff should have been precluded from relying upon them to meet such a view of the evidence as the jury might take.

The declaration in an action of contract against two persons, a husband and wife, contained three counts, all alleged to be for the same cause of action. The evidence introduced at the trial would have supported a verdict against either the husband or the wife on either of the first two counts according to the view which the jury took of the facts; but on the third count the verdict could be against the husband only. At the close of the evidence, the wife asked for a ruling that " on all the evidence the plaintiff could not recover against " her. The request did not refer to any particular count. The ruling was refused and the jury were instructed that they could find against only one of the defendants. The jury found generally against the wife. *Held,* that a request for an instruction that the wife could not be held under the third count could not be raised for the first time after the general verdict because under the judge's charge it must be assumed that the verdict was returned upon the count or counts to which the evidence was applicable, and therefore that it could not have been upon the third count.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 27, 1907.

On appeal to the Superior Court. the case was tried before *Pierce,* J.

The original declaration was in two counts. The first count alleged that the defendants owed the plaintiff $90 for sixty perch of " stone sold and delivered by the plaintiff to the defendants." The second count alleged " that one Flaherty was doing certain work for the defendants on land owned and controlled by them, and as their agent, by their authority and

in their name ordered from the plaintiff sixty perch of stone to be delivered on said land for use in said work and paid for as delivered at the rate of $1.50 per perch ; that on or about January 10, 1907, plaintiff had delivered thirty perch and refused to deliver any more stone until he was paid for the stone already delivered; that thereupon the defendants requested the plaintiff to deliver the stone ordered as aforesaid and in consideration of such delivery promised to pay the plaintiff $90 and also to hold out a like sum from money he intended otherwise to pay said Flaherty, if the plaintiff would release the said Flaherty from any claim on account of said stone and would procure and deliver to the defendants the written order of said Flaherty for the payment of a like sum of $90; relying on said promise the plaintiff delivered said stone remaining to be delivered under the said order and promise, procured from said Flaherty the written order aforesaid and released said Flaherty from any demand on account of said stone and delivered said order to the defendants, all of which took place before January 20, 1907 ; and defendants promised to pay said sum of $90, accepted said order and retained the same until February 21, 1907, when they refused to pay the plaintiff and returned to him the stone ordered . . . defendants owe the plaintiff $90. The first and second counts are for the same cause of action."

At the close of the evidence the plaintiff by leave of court amended his declaration by adding the following third count, which was stated to be for the same cause of action as the first and second counts :

" The defendants promised and agreed with the plaintiff that, in consideration that he would procure from one M. Flaherty an order on defendants for $90, they would pay him $90 ; and thereupon, in consideration thereof, the plaintiff procured such order and delivered the same to the defendants, and the defendants owe the plaintiff $90."

The plaintiff testified in substance that Michael Flaherty had asked him to furnish the stone for a cellar which he was building for a man named Miller ; that he and Flaherty agreed upon the price of the stone ; that he furnished about half of it, when, the cellar not being built and he receiving no pay, he stopped

delivering stone; that thereupon a man who stated himself to be Robert F. Miller called him up on the telephone, and that during the conversation which ensued Miller said to him, "I am the owner [of the premises where the stone is to be used]. Deliver the rest of the stone and I will pay you for it." The witness further testified that, after he had delivered all of the stone, he sought his pay from Miller; that Miller wrote out an order and asked him to have Flaherty sign it and then to present it to him, Miller, and he would pay it; that he, the plaintiff, did as requested, but that then Miller said that he could not pay him because he was "short of money on that cellar," that he had a contract with Flaherty and had used up the balance of the money to finish that contract; that he, the plaintiff, first learned that Virginia Miller, the wife of Robert F. Miller, had title to the property when this action was brought.

The order above referred to was as follows:

"Newton, January 10, 1908. Please pay to P. J. Reid or order Ninety Dollars for stone furnished to building on Boylston Road for Virginia Miller. — To Robert F. Miller, Boston, Mass. — M. Flaherty."

It was admitted that when the stone was delivered the property stood in the name of Virginia Miller.

Robert F. Miller testified in substance that he in his own name made an agreement in writing with Michael Flaherty for the building of the cellar in question. His testimony as to the interviews with the plaintiff controverted that of the plaintiff in many essential particulars. He also testified, " I told the defendant, Virginia Miller, that I was building this house upon her land and she knew what was being done there in a general way and she objected to my building it."

At the close of the evidence, the defendant asked for rulings which are described in the opinion and also for a ruling " that on all the evidence the plaintiff cannot recover against the defendant, Virginia Miller." The rulings were all refused. The jury found for the defendant Robert F. Miller and for the plaintiff against the defendant Virginia Miller; and the defendant Virginia Miller alleged exceptions.

*D. C. Delano,* for the defendant Virginia Miller.

*D. L. Smith,* for the plaintiff.

KNOWLTON, C. J.　In this action a husband and wife were sued jointly to recover the price of stone used in the construction of a house on land of the female defendant.　At the close of the evidence the judge was asked to rule that there could be no recovery against this defendant.　This ruling was refused, and the verdict was against her alone.　The evidence showed that the husband made a contract or contracts under which the stone were furnished, and it was not disputed that the stone were used in the construction of the cellar wall of the house.　This defendant knew that the house was being erected, and knew in a general way what was being done there.　The question is whether, from this evidence, the jury might infer that the work was being done by her authority.　If it was done by her authority, and nothing more appeared, the law would imply a promise to pay for it.

In *Beston* v. *Amadon*, 172 Mass. 84, 86, this court quoted with approval the language of Mr. Justice Hoar in *Westgate* v. *Munroe*, 100 Mass. 227, that the court entertained "no doubt that if a person, with the knowledge of the owner, performs valuable services upon the separate property of a married woman, it is evidence of an employment by her, and may authorize a jury to find a contract by her to pay for it." It is a fair inference that ordinarily a person will not perform valuable services upon the real estate of another person without authority from the owner.　The fact of performance of such services well warrants an inference of authority.

The ultimate fact to be ascertained in such cases is whether there was an employment from which arises, either expressly or by implication, an obligation to pay.　The facts in the present case include everything that was shown in the case first referred to, except that in that case a payment was made by the defendant's husband, from her money, for some painting on a part of the place where they lived, upon which the greenhouse was erected by her son in law, for material used in the construction of which the plaintiff was allowed to recover.　As the payment for the painting was not made by the person who contracted the debt for which the suit was brought, and as it was not for the painting of any part of the greenhouse, this portion of the evidence seems to have been of but little con-

sequence. In every such case all the facts are to be considered, to ascertain whether there was or was not a contract, express or implied.

In the present case the jury might have disbelieved the testimony of the husband that this defendant objected to the building of the house. It is plain from the evidence that he was managing that part of her property, — a fact which was deemed important in *Arnold* v. *Spurr*, 130 Mass. 347. The relation of husband and wife that existed between this manager and the owner of the land is a fact of significance, in connection with the nature of the work that was going on. There is a broad field for legitimate inference by a jury from facts like these. Besides the cases cited above, see *Dyer* v. *Swift*, 154 Mass. 159, *Wheaton* v. *Trimble*, 145 Mass. 345, and *Gannon* v. *Shepard*, 156 Mass. 355. We are of opinion that the jury were rightly permitted to find that the husband was the wife's agent in procuring the material for this important addition to her real estate.

The defendant also asked for a ruling that the plaintiff should be required to elect which defendant he would proceed against, and also to elect which of his counts he would proceed upon. These rulings were refused.

As to the first, the judge instructed the jury that the plaintiff could recover against only one of the defendants. There was evidence that would have warranted a finding against either of them, although they were not liable jointly. Under these circumstances, the instruction to the jury was sufficient. Under our statute, which permits a verdict in favor of one and against another of two defendants sued jointly, an election between the two should not be required upon doubtful evidence, unless the grounds of recovery relied upon are such that the plaintiff cannot consistently pursue both at the same time. R. L. c. 177, § 6. *Taft* v. *Church*, 162 Mass. 527, 533.

The different counts were not so at variance with one another that the plaintiff should be precluded from relying upon them to meet such a view of the evidence as the jury might take. It is true that one dealing with an agent of an undisclosed principal cannot hold the principal, if, after full knowledge of the principal's liability, he elects to rely upon the agent. But his failure to give up the claim upon the agent before the facts are fully

ascertained does not bar his recovery from the principal. *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319. *Dyer* v. *Swift,* 154 Mass. 159. *Gardner* v. *Bean,* 124 Mass. 347.

In the present case it does not appear that the plaintiff attempted to enforce a claim upon Flaherty, after he was fully informed of the facts. As between this defendant and her husband, it was uncertain which was the principal and the real proprietor of the business that was going on.

No request was made for an instruction that this defendant could not be held upon the third count, and the question as to that count cannot now be raised for the first time under a general verdict for the plaintiff, upon evidence which warranted the verdict on some of the counts. Under the judge's charge it will be assumed that the verdict was found upon the count or counts to which the evidence was applicable.

The general exception to the charge raises no questions except as to those portions of it which were inconsistent with the rulings requested. *Savage* v. *Marlborough Street Railway,* 186 Mass. 203.

*Exceptions overruled.*