CLARENCE D. MAYNARD *vs.* BERTHA L. FABYAN.

Middlesex.    May 14, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract,* What constitutes, Implied. *Husband and Wife. Agency,* Existence of relation, Undisclosed principal.

At the hearing by a judge without a jury of an action by a contractor to recover from a married woman an unpaid balance for labor and materials furnished in remodeling and repairing a house owned by the defendant and in constructing a garage on her land, the plaintiff testified that the defendant's husband told him that she had bought the property and that he was going to build a garage himself for use in his business; that the plaintiff discussed the proposed changes in the property with both the defendant and her husband, went over it with them and received instructions from both; that he rendered bills to the husband as a matter of courtesy, including bills of subcontractors

made out to the husband, and received payments from the husband; that he rendered a final bill to the defendant on the same day upon which he commenced the action; and that no contract in writing was made. The defendant testified that she authorized her husband to have the work done provided that he would pay for it. It appeared that such authorization was not brought to the plaintiff's attention and that the defendant collected rent for the remodeled rooms in the house and for the garage. The trial judge found that the plaintiff made an oral contract with the husband and that the defendant was the undisclosed principal for whom he was acting, and found for the plaintiff. *Held*, that

(1) The judge properly denied a request by the defendant for a ruling that, if the plaintiff made the agreement with the husband, rendered bills to him and accepted payments from him, the plaintiff could not recover from the defendant: the facts, that the plaintiff knew when he made the contract and sent the bills that the defendant was the owner of the property and that he rendered bills to the husband were not conclusive on the question, whether the contract was made with the husband as principal or with the defendant as undisclosed principal;

(2) The judge properly denied a ruling requested by the defendant that, if there was no express promise by the defendant to pay for the work, no promise could be implied from the fact that the defendant derived a benefit from the work: the benefit derived by the defendant from such work was merely a circumstance to be considered in determining that question;

(3) A ruling requested by the defendant, that on all the evidence the plaintiff could not recover, properly was denied: the finding by the judge, that the defendant was the undisclosed principal for whom her husband was acting, was warranted.

CONTRACT. Writ dated December 30, 1926.

In the Superior Court the action was heard by *F. T. Hammond*, J., without a jury. Material evidence and findings by the judge are stated in the opinion. He denied the following rulings, among others, requested by the defendant:

"1. On all the evidence the plaintiff cannot recover."

"4. If the court finds that the plaintiff made an agreement with or was engaged by or hired by George Fabyan to do certain work in and about the premises . . . and the court further finds that the plaintiff billed George Fabyan and accepted payments for it from him, the plaintiff cannot recover from Bertha Fabyan in this case."

"12. If the court finds that there was no express promise by the defendant to pay for any work done by the plaintiff,

no promise can be implied from the fact that the defendant has derived a benefit from the work done by the plaintiff."

There was a finding for the plaintiff in the sum of $2,709.13. The defendant alleged exceptions.

*H. F. Wood,* for the defendant, submitted a brief.

*J. W. Flett,* for the plaintiff.

SANDERSON, J.  This is an action of contract by a builder to recover the unpaid balance for labor and materials furnished in remodeling and repairing a house, owned by the defendant, and in constructing a garage on her land.

The plaintiff traded at a store conducted by the defendant's husband, who told the plaintiff that his wife had bought the property in question and he was going to build a garage himself as he wanted it for a delivery truck used in his business.  The plaintiff talked with both the defendant and her husband about the proposed changes, went over the property with them, and received instructions from both.  He testified that when Mrs. Fabyan told him she was anxious to have him get started on the work and he said that he would get right at it, he made a verbal agreement with her.  The plaintiff listed the job on his daybook as "Fabyan's job," and received payments from the defendant's husband on five different dates in September, October and November.  On December 1, 1926, he rendered the husband a bill showing all charges and credits, attached to which were some bills from subcontractors made out in the husband's name.  He testified that he sent the bill to the husband as matter of courtesy, that he considered it "one and the same thing."  On December 11, the defendant's husband, when making a payment on the bill, told the plaintiff that he would make no further payments until the work that was improperly done had been made perfect.  On December 30 the plaintiff rendered a bill to the defendant, and on the same day started this action.

The defendant's husband testified that he made the contract with the plaintiff; and the defendant testified that she made no contract with him, and did not know he was looking to her for payments until the bill was rendered in her name. She testified that the house needed repairs to adapt it for the

use she intended to make of it; that she had no money and told her husband he could have the garage built and repairs made provided he would pay for them. After the rooms were remodeled she collected rent for them and also collected rent each month for the garage. The fact that authorization was given by the defendant to her husband to have the work done was not brought to the attention of the plaintiff. The judge, who heard the case without a jury, found that the plaintiff made a verbal contract with the defendant's hus-band and that she was the undisclosed principal for whom he was acting in making the contract. He found for the plain-tiff. The defendant's contention is that as matter of law she cannot be held liable to the plaintiff as principal on the contract.

The performance of valuable services upon the separate property of a married woman with her knowledge is evidence of an employment by her from which an obligation to pay may be inferred. *Reid* v. *Miller,* 205 Mass. 80. But to justify a recovery against her it must appear that a contract express or implied was made with her. *Massachusetts General Hospital* v. *Fairbanks,* 129 Mass. 78. *O'Conner* v. *Hurley,* 147 Mass. 145. The general rule that there is no room for an implied contract where an express contract exists does not apply in the case of a contract made by an agent for an undisclosed principal. The fact, that the plaintiff knew when he made the contract and when the bill was rendered to the defendant's husband that she owned the property, was a circumstance to be considered in determining whether the plaintiff knew that the defendant was the principal in the transaction; but it did not, as matter of law, preclude him from proving that she was in fact an undisclosed principal. If, at the time he made the contract and when he was looking to the husband for payment, he did not know that the latter was acting as his wife's agent, he may later seek recovery from her if he can prove that she was the principal in the transaction. *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319, 324. *Byington* v. *Simpson,* 134 Mass. 169. *Silver* v. *Jordan,* 136 Mass. 319. *Tartakin* v. *Stitt,* 263 Mass. 274.

The fact that the defendant has derived a benefit from the

plaintiff's work was but one of the circumstances to be considered by the judge in deciding whether she was liable. Sending a bill to her husband in the circumstances disclosed was evidence, though not conclusive, of an election to hold him. *Gardner* v. *Bean,* 124 Mass. 347. *Dyer* v. *Swift,* 154 Mass. 159, 162. *Reid* v. *Miller,* 205 Mass. 80, 85. *Estes* v. *Aaron,* 227 Mass. 96, 99. *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576. The finding of the judge that the defendant was the undisclosed principal for whom the husband was acting as agent in making the contract cannot be said upon the testimony to be clearly wrong. Although the defendant's status as owner was known to the plaintiff, upon the findings her status as principal in the transaction was not disclosed. *Raymond* v. *Crown & Eagle Mills, supra. Feinberg* v. *Poorvu,* 249 Mass. 88. The judge was not obliged to believe that any condition was attached to the authorization given by her to her husband to have the improvements made on her property. In any event, no such condition was brought to the notice of the plaintiff. No error appears in the refusal of the judge to give the defendant's requests numbered 1, 4 and 12. Exceptions saved to the refusal to give other requests have not been argued and are treated as waived.

*Exceptions overruled.*