HAROLD L. DELANO & another *vs.* SOPHIA GOLDSTEIN.

Bristol.    October 25, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Agency,* Undisclosed principal.  *Husband and Wife.*

Following oral discussion by a plumbing contractor with a woman, who owned a house, and her husband respecting installation of plumbing and heating in the house, the contractor made an oral contract with the husband for the work, performed it and charged it to the husband and relied on him for payment, the wife knowing that the work was being done. After the husband's death, the contractor, learning that the wife owned the house, brought an action against her, in which there was a finding for the plaintiff. *Held,* that

(1) The defendant reasonably should have expected to be held liable for the cost of the work and was an undisclosed principal;

(2) The finding was warranted.

CONTRACT. Writ in the Third District Court of Bristol dated April 11, 1931.

In the District Court, the action was heard by *Doran*, J. Material evidence and findings and rulings by him are stated in the opinion. He found for the plaintiffs in the sum of $605 and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

*J. B. Lowney & E. J. Harrington*, for the defendant, submitted a brief.

No argument nor brief for the plaintiffs.

LUMMUS, J. It appears from the report of the judge of the District Court that the defendant owned a house occupied by herself and her husband. Both took part in a discussion with the plaintiffs preceding the making of an oral contract for the installation by the plaintiffs of plumbing and heating in the house, and the defendant suggested several changes in the proposed work, but the oral contract was made by the plaintiffs with the husband, whom they had known for twenty years and with whom they had done business on other occasions. At the time they were not interested in the ownership of the house, but charged the work to the husband and relied on him for payment. The defendant knew the work was being done. After the work had been done and the husband had died, the plaintiffs learned for the first time that the house was the property of the defendant, and brought this action against her for the labor and materials furnished. The judge found for the plaintiffs, and the Appellate Division held that his finding was warranted on the theory that the defendant was an undisclosed principal.

Under earlier decisions of this court, the evidence was sufficient to warrant a finding that the defendant reasonably should have expected to be held liable for the cost of the work (*Spencer* v. *Spencer*, 181 Mass. 471), and was an undisclosed principal. *Dyer* v. *Swift*, 154 Mass. 159. *Beston* v. *Amadon*, 172 Mass. 84. *Reid* v. *Miller*, 205 Mass. 80. *Maynard* v. *Fabyan*, 267 Mass. 312.

*Order dismissing report affirmed.*