Edward Gustafson *vs.* Thomas Gatto & another.

Worcester.   September 21, 1936. — January 25, 1937.

Present: Rugg, C.J., Crosby, Field, Donahue, & Lummus, JJ.

*Agency*, What constitutes, Undisclosed principal. *Husband and Wife.*

Findings, that a husband acted as his wife's agent in the purchase of hothouses which were moved to and erected upon land owned by her and that she was liable for the purchase price, were warranted by evidence that she knew of their purchase and erection and that for a period of years she had used them there in a business of her own.

Contract. Writ in the Superior Court dated May 27, 1933.

The action was heard by *Burns*, J., without a jury. There was a finding for the plaintiff for $539.25 against the defendant Thomas Gatto only, and for the defendant Alma Gatto. The plaintiff alleged exceptions.

*C. E. Tupper*, for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

Crosby, J.   This is an action of contract brought against the defendants, husband and wife, to recover for two hothouses purchased from the plaintiff and removed to the premises of the defendant Alma Gatto. They were to be paid for on September 3, 1927, one year after the sale. The price therefor was $425. All the negotiations were with the defendant Thomas Gatto. The defendant Alma Gatto testified that she knew nothing about the negotiations.

They had been partly burned when sold. The plaintiff testified that the defendant Thomas Gatto stated to him that he owned the premises on which the hothouses were erected after their purchase; and that he (the plaintiff) relied upon the representations so made as to title, and took from the defendant Thomas Gatto a note dated September 3, 1926, payable one year from date. Both defend-

ants testified that Thomas Gatto bought and owned the hothouses. The plaintiff testified that at the time of the purchase of the hothouses the defendant Thomas Gatto told him that the real estate was free from any encumbrances. At the time the hothouses were purchased the property was in the name of Alma Gatto and was not free from encumbrances. She testified that she knew at the time of the purchase that the hothouses had been bought and set up on her property. It appeared that on April 12, 1929, she filed a married woman's certificate to conduct business as a florist on these premises. She testified that in 1924 she was a joint tenant of the premises; that in 1926 she was taxed for the eight acres of land and certain personal property including the greenhouses on the premises; that she paid the taxes on them in 1926 and used the greenhouses for growing flowers and vegetables; that her relations to the greenhouses were the same at the time of the trial as they were in the year 1926. She further testified that in 1926 her husband obtained a greenhouse and placed it upon her property and that she remembered buying lumber to add to it; that since that time she has sold lettuce and other vegetables and flowers that she raised in the hothouse and billed them out in her own name; that there were two mortgages on the premises of about $1,500; that she paid the interest on the mortgages and taxes and carried on the business. The plaintiff testified that he did not know the property was in the name of Alma Gatto until shortly before he brought this action against both defendants; that as soon as he discovered the property was in the name of Alma Gatto he made demand on her.

At the close of the evidence the trial judge ruled as matter of law that the plaintiff was not entitled to recover against Alma Gatto. To this ruling the plaintiff excepted. There was a finding for the plaintiff against the defendant Thomas Gatto. The ruling to which exception was taken does not involve the question whether the two defendants could be sued in the same action. No ruling was asked and none was made with reference to that matter. The single ques-

tion presented is whether the evidence, viewed in its aspects most favorable to the plaintiff, as matter of law required a finding in favor of Alma Gatto.

It was held in *Westgate* v. *Munroe*, 100 Mass. 227, that in order to recover for work done on the separate property of a married woman evidence that it was done with her knowledge may warrant a finding that she agreed to pay for it, but such evidence raises no presumption of law that she did so which permits the judge to direct a verdict for the plaintiff. It was held in *Arnold* v. *Spurr*, 130 Mass. 347, that, where a husband who had the management of land of his wife ordered materials for building a house on her land and she knew the house was being built and occupied it when finished, a finding was warranted, in an action against her for the price of the materials, that the husband acted as her agent. In *Dyer* v. *Swift*, 154 Mass. 159, an action against a married woman for painting her house, upon her husband's order, there was evidence that they lived in the house and together selected the colors of the paint, and it was held that a finding was warranted that in making the contract the husband acted as the agent of his wife and that the plaintiff could recover. In other words, where work was ordered by the husband to be done on the real estate of his wife she could be held liable therefor. *Reid* v. *Miller*, 205 Mass. 80. See also *Beston* v. *Amadon*, 172 Mass. 84. *Delano* v. *Goldstein*, 281 Mass. 188. Liability in such cases does not arise by implication of law. It is founded on an inference of fact warranted by the evidence.

The plaintiff has made no election up to the present to hold the husband to the exclusion of the wife. He was not required at the trial to make an election. That question is not presented on this record.

*Exceptions sustained.*