Estes, P. J.,
In this case the trial court made the following findings of fact :
‘1 This is an action of contract. The plaintiff is a house-painter and was engaged by the defendants to redecorate a single house owned by the Esther Saxe, which was being re *333 modeled into a two-family house. The defendant, Edward Saxe, gave the house to his wife. The parties did not execute a written contract; being friends, the defendant accepted the offer of the plaintiff to do the work by day labor at cost. The work was done in the ‘off season’, that is December to January. The plaintiff did the work as agreed and presented a bill for $561.75. This bill included $50.00 paid by the plaintiff for a floor sander and $61.25 paid by the plaintiff to a paper hanger. The plaintiff kept no books other than cards on which were recorded his labor and material. The plaintiff did not charge for his superintendence of the work.
‘ ‘ The defendants testified an oral agreement was entered into by the plaintiff to do the work for $388.00.
“I find the plaintiff did the work as contracted for.
“I find a price of $388.00 was not agreed upon by the plaintiff.
“The plaintiff admits $250.00 has been paid him by the defendant, which leaves a balance of $311.75 due.
“Throughout, both defendants consulted with the plaintiff and told him what was to be done. I find that each defendant is liable to the plaintiff for the work done.”
The defendants are husband and wife. The house on which the work was furnished and performed by the plaintiff, was owned by the wife, Esther Saxe.
The defendant requested the court to rule: ‘ ‘ the evidence does not warrant recovery against both defendants”.
This request should have been given. Reid vs. Miller, 205 Mass. 80; Gustafson vs. Catto, 296 Mass. 404.
In view of the written findings made by the court, the refusal of the defendants ’ fifth and sixth request was proper. No question was raised whether the two defendants could be sued in this action, but because the court found ‘ ‘ that each defendant is liable ’ ’, and made a finding against both when it should have only been against one of the de *334 fendants (Reid vs. Miller and Gustafson vs. Catto, cited above) the case is remanded to the trial court for finding against the proper defendant.
We assume that it may be held that the wife is the principal defendant, and that the husband acted as her agent, but no finding of agency was made, hence, in the state of the record, we feel that the appropriate action should be taken by the trial court.
The order is to be: Case remanded to the trial Court for revision only of finding for the plaintiff against one defendant, and finding for the other defendant.