Pettingell, P. J.
Action of contract to recover $223.63 on an account annexed for building material. The answer is a general denial and payment. There was evidence that the building material was ordered by the husband of the defendant ; that the price charged for it was fair and reasonable ; that it was used in the construction of a house built upon land of the defendant; that the construction was under the supervision of the defendant’s husband; and that after the house was built, the defendant and her husband moved into it. It appeared also that the defendant paid for the construction of the house out of funds realized from a mortgage upon the premises and other money which she had received as the result of a fire loss upon the same land.
There was other evidence that the defendant’s husband had told the plaintiff that he owned the land and that the plaintiff did not know that the defendant owned it until just prior to the bringing of this action; that the plaintiff had *185 never charged to the defendant the material delivered to the defendant’s house, for which the plaintiff now sues to the defendant, that it never had any account with the defendant.
There was also evidence that the defendant’s husband had many transactions with the plaintiff purchasing building material for other houses erected by him; that at the time that suit was brought the defendant’s husband owed the plaintiff $598.67 for other merchandise sold by the plaintiff to the defendant’s husband on other jobs; that prior to •the bringing of this suit the defendant’s husband filed a voluntary petition in bankruptcy, and that the plaintiff filed and proved a claim against the bankrupt for $822.25 which included the account, the basis of the present suit against the defendant.
There was other evidence that the defendant’s husband had taken a note for work done on another house amounting to $112 which was payable to the plaintiff, the plaintiff agreeing to take the note and credit the proceeds to the account of the husband when collected; and that $300 had already been collected.
At the close of the trial the plaintiff filed the following requests for rulings:
“1. If the premises where the materials supplied were used in the construction of a dwelling house was owned by the defendant and she knew her husband was building the house and thereafter accepted the benefit of the construction, then the court is warranted in finding that the husband was acting as her agent, and she is responsible for the account sued upon. 2. The fact that tire plaintiff charged the material sued for to the defendant’s husband in the first instance does not preclude it from now establishing its claim against this defendant. 3. Upon the evidence in this case the court is warranted in finding that the defendant was the undisclosed principal of her husband. 4. The fact that *186 the plaintiff has proved its total claim including the one in question in 'bankruptcy does not preclude it from recovering in this action. 5. Upon the evidence in this ease there is no proof of payment. 6. The evidence in this case does not warrant a finding of payment.”
The trial judge denied all of the plaintiffs requests for rulings and made the following finding of fact:
“I find as a fact that at the time of the commencement of this action that there was no money due the plaintiff from the defendant. In view of tins, finding I deny all of the plaintiff’s requests for rulings.”
The report contains all the evidence material to the questions reported.
This case has been before this Division on an earlier occasion when there was a finding for the defendant. At that time the plaintiff filed four requests for rulings which are identical with the first four filed at this time. This Division held then that it was prejudicial error to deny the rulings filed and ordered a new trial. In the earlier case there was no finding of fact; in this there was a brief finding of fact which has been quoted.
The law in Massachusetts has been definitely cast that if a wife owning real estate- permits her husband to improve it by building upon it and accepts the benefit of the improvement she can be held liable as an undisclosed principal. This is established by a long line of decisions. Raymond v. Crown & Eagle Mills, 2 Met. 319. Westgate v. Munroe, 100 Mass. 227. Day v. Eaton, 119 Mass. 513. Gardner v. Bean, 124 Mass. 347. Lovell v. Williams, 125 Mass. 439. Arnold v. Spurr, 130 Mass. 347. Wheaton v. Trimble, 145 Mass. 345. Jefferds v. Alvard, 151 Mass. 94. Dyer v. Swift, 154 Mass. 159. Beston v. Amadon, 172 Mass. 84. Reid v. Miller, 205 Mass. 80. Maynard v. Fabyan, 267 Mass. *187 312. Delano v. Goldstein, 281 Mass. 188. Gustafson v. Gatta, 296 Mass. 404.
The liability of the wife in these cases is not because of a presumption of law but because the evidence warrants an inference of fact favorable to the plaintiff. Westgate v. Munroe, 100 Mass. 227, at 228. Gustafson v. Gatto, 296 Mass. 404, at 406. The fact that the plaintiff has received a payment from the husband, Westgate v. Munroe, supra, or has taken his note, Beston v. Amadon, supra, is not conclusive against the plaintiff, Gustafson v. Gatto, supra. He may sue either or both, although he is entitled to one recovery only. Reid v. Miller, supra. The bringing of an action against the agent is not conclusive of an election unless it is followed to a judgment. Gavin v. Durden Coleman Lumber Co., 229 Mass. 576, at 580; even an entry of judgment upon a default, the creditor being in ignorance of the liability of the principal is not an election to rely upon the agent. Gavin v. Durden Coleman Lumber Co., supra. Proving a claim in bankruptcy against the husband in such ignorance, is not an election. Gardner v. Bean, 124 Mass. 347, at 348. See Restatement, Agency, Vol. I, Ch. 6, Section 203.
In this state of the law it was error to deny the plaintiff’s first and third requested rulings to the effect the evidence warranted a finding for the plaintiff on the ground of the undisclosed agency of the husband. The cases noted above unanimously support the plaintiff’s contentions.
It was error also to deny the plaintiff’s second requested ruling to the effect that the act of the plaintiff in charging the material Sold to the husband does not preclude the plaintiff from establishing its claim against the wife. Gardner v. Bean, 124 Mass. 347, at 348. Dyer v. Swift, 154 Mass. 159, at 162. Reid v. Miller, 205 Mass. 80, at 85, 86. May *188 nard v. Fabyan, 267 Mass. 312, at 316. Delano v. Goldstein, 281 Mass. 188, at 189.
It was error, also, to deny the plaintiff’s fourth requested ruling that the plaintiff is not precluded in the present action by having proved its claim in bankruptcy against the defendant’s husband. Gardner v. Bean, 124 Mass. 347, at 348.
The fifth and sixth requests dealt with the matter of payment, the fifth to the effect that there was no proof of payment, and the sixth to the effect that the evidence did not warrant a finding of payment.
There was evidence that the defendant’s husband was engaged in business on his own account in building and repairing houses and bought material from the plaintiff for this work owing the plaintiff several hundred dollars in addition to the amount involved in this action as owed by the defendant. There was testimony that the husband received from one of his customers a note which he transferred to the plaintiff who collected $300 on it. There was evidence, also, that the plaintiff’s treasurer told the husband that what was collected would be credited to the husband’s account with the plaintiff. There was, therefore, no evidence that the assigned note was to be regarded or was regarded as payment on the plaintiff’s claim against the defendant. There was, however, testimony from the defendant’s husband that the claim sued on had been paid by over credits to which he was entitled from notes of customers on other projects. It was not error to deny the fifth and sixth requests.
Whether or not the denial of the first four requests made by the plaintiff was prejudicial error depends upon the effect of the finding of fact of the trial judge which was,
*189 “I find as a fact that at the time of the commencement of this action that there was no money due the plaintiff from the defendant.”
This finding is somewhat cryptic. It can mean that there was once a debt due from the wife but that it has been paid. It can mean also that no such debt ever existed, despite the principles of law contained in the four requests for rulings filed by the plaintiff.
The plaintiff has requested four rulings which are correct statements of the law, applicable to the evidence before the court. It was entitled to the granting of the requests or an adequate disposition of them showing that they had become inapplicable or immaterial.
In Brodeur v. Seymour, 315 Mass. 527 at 529, the Supreme Judicial Court said,
“The findings that the defendant’s attendant was not negligent and that the plaintiff was contrihutorily negligent, if they are merely findings of fact and not the result of erroneous rulings of law, are of course decisive of the case and end the discussion. The principal question is whether the manner in which the judge dealt with certain of the requests for rulings indicates that his decisive findings were the result of erroneous views of the law, or whether the findings were bare conclusions of fact which he would have reached upon the evidence whatever way he had ruled upon the requests.”
The finding of fact made by the trial judge is not stated to be made “upon all the evidence” and does not “definitely and unmistakably” demonstrate that it is not affected by an erroneous view of the law evidenced by the denial of the four requests. Liberatore v. Town of Framingham, 315 Mass. 538, at 542. We do not believe that it is “definitely and unmistakably” established that the finding of fact made by the trial judge and the consequent finding for *190 the defendant were not affected by the erroneous view of the law evidenced by the denial of the four requests. As in Hoffman v. Chelsea, 315 Mass. 54, at 58, the finding actually made may ibe “deemed on appeal the result of such ruling of law and not a result of a consideration of fact.”
In view of the fact that the plaintiff ’s requests for rulings were denied for the stated reason that the trial judge found that the defendant when the action was brought by the plaintiff owed the plaintiff nothing and that that finding of fact may be based upon an erroneous theory that the evidence did not warrant a finding that the dealings of the defendant’s husband with the plaintiff had created a liability on the part of the defendant, we believe that an uncertainty exists as to the fundamental reason for the denial of the requests and the basic reason- of the finding of fact. Because the trial judge may not have believed the evidence was sufficient to warrant a finding of liability he may have found that no liability had been created. His finding does not eliminate that possibility.
We believe, therefore, that the ease is governed by such cases as Clarke v. Massachusetts Title Co., 214 Mass. 31, at 32, 33. DeYoung v. Frank A. Andrews Co., 214 Mass. 47, at 50. Kaufman v. Sydeman, 251 Mass. 210, at 217. Russell v. Foley, 278 Mass. 145, at 148, 149. Markiewicz v. Toton, 292 Mass. 434, at 436, 437.
The finding for the defendant is vacated and the case is to stand for a new trial.