Eno, J.
By this action of contract, the plaintiff seeks to recover from the defendant the sum of $223.63 on gin account annexed for certain building materials delivered in September, October, and December, 1940, to Chestnut Street, in Billerica. The answer is a general denial and payment. The facts are hereinafter stated in the trial judge’s memorandum of Findings of Facts.
At the close of the trial, the plaintiff asked the court to make the following rulings of law:
“1. If the premises where the materials supplied by the plaintiff were used in the construction of a dwelling house was owned by the defendant and she knew her husband was building the house and thereafter accepted the benefit of the construction, then the Court is warranted in finding that the husband was *2 acting as her agent and she is responsible for the account sued upon. 2. The fact that the plaintiff charged the material sued for to the defendant’s husband in the first instance does not now preclude it from now establishing its claim against the defendant. 3. Upon the evidence in this ease the Court is warranted in finding that the defendant was the undisclosed principal of her husband. 4. .The fact that the plaintiff has proved its total claim including the one in question in bankruptcy does not preclude it from receiving (sic.) in this action. 5. Upon the evidence in this case there is no proof of payment. 6. The evidence in this case does not warrant a finding of payment. 7. If the Court finds that the Cumane note was given to the plaintiff by the defendant’s husband under an agreement that it would credit the same to the account of and when collected, such an arrangement would constitute payment only to the extent of payments on account of said note up to the date of trial.”
The court allowed the requests numbered 1, 2, 5, 6 and 7, and denied that numbered 3, and filed a “Memo of Finding of Facts and Rulings of Law” as follows:
“In this case the plaintiff seeks to recover from the defendant on the ground that her husband one Malcolm Gregory was her agent in constructing a house on real estate owned by her in Billerica and that she was responsible for the debt in question as an undisclosed principal. I find that the plaintiff was owed by Malcolm Gregory the amount claimed in the declaration ($223.63) for materials which it furnished upon his order which were to be used and were used in the construction of the house in question. “The defendant lived with her husband at 114 Auburn Street in the City of Cambridge. She owned land in Billerica upon which a building has been destroyed or injured by fire. “Malcolm Gregory, her husband, was in the business of constructing or supervising the construction of buildings for others on real estate. He operated under the name of ‘Home Improvement Company’. *3 He had thirteen contracts with the plaintiff including the one in question, each carried as a separate account by the plaintiff. In September 1940 he told one Colton, the manager of the defendant that he wanted the materials in question for the construction of a house on his property in Billerica which had been burned/ The account was opened and carried on the books of the plaintiff as ‘ Malcolm Gregory, Home Improvement Co., 114 Auburn St., Cambridge, Mass.’ The plaintiff had no dealings directly with the defendant and never sent a bill to her until June 1941 after the bringing of this suit.
“Malcolm Gregory filed a voluntary petition in bankruptcy in March 1941. The plaintiff was then owed $822.25 upon four of the thirteen accounts, one of the four being the account in question. It proved its claim in the U. S. District Court for that amount and no evidence was presented to me that it had ever sought to modify that claim in any way. I find that it is still claiming in the District Court of the United States that Malcolm Gregory is its debtor. Carlton, its manager, testified that it did not know the facts when it proved its claim that it knew when it brought suit but no evidence, except this statement was offered as to where or how any other information came to its notice. If the bankruptcy schedules filed in Malcolm Gregory’s petition gave any information, it was a public record in a matter wherein the plaintiff became a party and the plaintiff is charged with notice of any facts therein stated. There was no evidence of any misrepresentation by the defendant and none by the husband other than the statement above set forth. The defendant and her husband moved, into the house in question after this suit was brought.
“It appeared that the note of one Curnane was given the plaintiff by Malcolm Gregory under an agreement that it would credit the same to his account when collected. Suit has been on this note, a judgment obtained and amounts have been collected on it as late as the current year (1946). Carlton, the plaintiff’s manager, testified that the payments received were not sufficient to pay the other indebtedness and that Malcolm Gregory still owed the amount set forth in the *4 declaration. The account annexed to the declaration is on two sheets dated June 5, 1940, the first of which contains the charges and is made out in the name of the defendant, ‘Irene Gregory 114 Auburn St., Cambridge, Mass. ’ The second contains the credits on the account and is made out ‘Malcolm Gregory, Home Improvement Co., 114 Auburn St., Cambridge, Mass. ’
“I find that the materials in question were bought by the husband on his credit and were used in the construction of a building upon land belonging to the wife. The building was financed partly by a mortgage placed upon the property and partly from funds received from the insurance upon the burned building. Although there was no direct evidence to connect the wife with the transaction in any way, I infer from the circumstances that she knew that the building was being built on her land by her husband and I so find. I do not find that it was brought to her notice that this particular debt with this particular plaintiff was being contracted.
“When the plaintiff brought this suit it had the same knowledge of facts that it had when it proved its claim in bankruptcy and no more. It then elected to hold Malcolm Gregory and still says that he is its debtor as well as his wife.
“Of the rulings requested by the plaintiff, I give Nos. II, V, VI, and VII. I give No. I but rule that the evidence in this case does not compel the inference that the wife is responsible and rule that it is immaterial because the plaintiff with full knowledge of the facts has elected to hold the defendant’s husband. I deny No. 3 and further rule that it is immaterial because the plaintiff with full knowledge of the facts has elected to hold the defendant’s husband.
“I give No. IV as a statement of law but rule that under the circumstances of this ease the procedure of the plaintiff in the bankruptcy court ‘was strong evidence that the debt was due from him.’ (Gardner v. Bean, 124 Mass. 347, 348).”
This case was twice previously before this Division. On the occasion of the first trial, the plaintiff filed four requests for rulings which are identical with the first four *5 filed at this time. These were all denied by the trial judge who made no finding of fact. On appeal, this Division held there was prejudicial error in their denial and ordered a new trial.
At the second trial of this case, the plaintiff filed six requests for rulings which are identical with the first six requests filed at this time. The trial judge made the following finding of fact:
“I find as a fact that at the time of the commencement of this action that there was no money due the plaintiff from the defendant. In view of this finding I deny all of the plaintiff’s requests for rulings.”
On appeal, this Division ordered a new trial and in the opinion stated:
“the law in Massachusetts has been definitely cast that if a wife owning real estate permits her husband to improve it by building upon it and accepts the benefit of the improvement she can be held liable as an undisclosed principal. This is established by a long line of decisions. Raymond v. Crown & Eagle Mills, 2 Met. 319. Westgate v. Munroe, 100 Mass. 227. Bay v. Eaton, 119 Mass. 513. Gardner v. Bean, 124 Mass. 347. Lovell v. Williams, 125 Mass. 439. Arnold v. Spurr, 130 Mass. 347. Wheaton v. Trimble, 145 Mass. 345. Jefferds v. Alvard, 151 Mass. 94. Dyer v. Swift, 154 Mass. 159. Beston v. Amadon, 172 Mass. 84. Reid v. Miller, 205 Mass. 80. Maynard v. Fabyan, 267 Mass. 312. Belano v. Goldstein, 281 Mass. 188. Gustafson v. Gatto, 296 Mass. 404.
“The liability of the wife in these cases is not because of a presumption of law but because the evidence warrants an inference of fact favorable to the plaintiff. Westgate v. Munroe, 100 Mass. 227, at 228. Gustafson v. Gatto, 296 Mass. 404, at 406. The fact that the plaintiff has received a payment from the husband, Westgate v. Munroe, supra, or has taken his note, Beston v. Amadon, supra, is not conclusive against the plaintiff, Gustafson v. Gatto, supra. He may sue either or both, although he is entitled to one recovery only. *6 Reid v. Miller, supra. The bringing of an action against the agent is not conclusive of an election unless it is followed to a judgment. Gavin v. Durden Coleman Lumber Co., 229 Mass. 576, at 580; even an entry of judgment upon a default, the creditor being in ignorance of the liability of the principal, is not an election to rely upon the agent. Gavin v. Durden Coleman Lumber Co., supra. Proving a claim in bankruptcy against the husband in such ignorance, is not an election. Gardner v. Bean, 124 Mass. 347, at 348. See Restatement, Agency, Vol. I, Ch. 6, Section 203.”
In the case of Gardner v. Bean, supra, the court said that it was rightly submitted to the jury on the instructions that the signing and swearing to a petition in bankruptcy, “in which they stated the same debt was owing by him, were strong evidence that the debt was due from” the husband, “and not from the” wife; “but that these facts were not conclusive against the plaintiffs, but were to be considered by the jury in connection with the other evidence in the case. ’ ’ In the case at bar the trial justice correctly instructed himself on the facts by allowing the plaintiff’s requests numbered 1, 2, 5, 6, and 7.
However he denied request numbered 3 as “immaterial because the plaintiff with full knowledge of the facts has elected to hold the defendant’s husband”. It was a question of fact for the judge whether the plaintiff learned of the husband’s agency before or after the filing of the plaintiff’s claim against the husband in his bankruptcy proceedings.
He could disbelieve entirely the testimony of the plaintiff’s manager, one Carlton, to the effect that it did not know the facts when it proved its claim. The filing of a proof of claim, although not conclusive, was strong evidence of plaintiff’s election to hold the husband, the alleged *7 agent, liable. Gardner v. Bean, 124 Mass. 347. Maynard v. Fabyan, 267 Mass. 312. The trial justice found as a fact that such an election was made “with full knowledge of all the facts”. The evidence warranted, but did not compel, a finding for the plaintiff. Therefore it cannot be said that there was prejudicial error in the denial of the third requested ruling and the report is to be dismissed.