ALBERT M. GARDNER & another *vs.* ELIZABETH T. BEAN.

Suffolk. March 15. — April 2, 1878. AMES & MORTON, JJ., absent.

In an action against a married woman, for goods sold and delivered, there was evidence that the goods were originally charged to her husband, and credit given to him; that he was acting as agent for her; and that a short time after the action was commenced against her, the plaintiff signed a petition in bankruptcy against him, stating that this same debt was due from him. The judge ruled that the facts that the plaintiff originally gave credit to the husband, and also signed and swore to the petition in bankruptcy, were strong evidence that the debt was due from him and not from the defendant; but that these facts were not conclusive against the plaintiff, but were to be considered by the jury in connection with the other evidence in the case. *Held*, that the defendant had no ground of exception to the instruction.

CONTRACT upon an account annexed for goods sold and delivered. Answer, a general denial. Writ dated April 12, 1876.

At the trial in the Superior Court, before *Dewey*, J., the report of an auditor was introduced in evidence, who found that the credit was originally given to Hiram P. Bean, the husband of the defendant, and the bill charged to him upon the plaintiffs' books; that the goods were delivered to him; that he was acting as agent for his wife; and that there was due the plaintiffs the sum of $379.16, with interest from the date of the writ. The auditor also found that fourteen days after the date of the writ in this action, the plaintiffs signed with other parties an involuntary petition in bankruptcy against Hiram P. Bean, wherein they stated he was owing them this same debt; that this petition was sworn to in due form by one of the plaintiffs; and that on this petition Bean was put into bankruptcy. The plaintiffs introduced evidence that after the charge and delivery of the goods to Hiram P. Bean, they were informed by him and ascertained that he was agent for the defendant, and that the goods sold by the plaintiffs were used in the erection of buildings on the land of the defendant. Upon these facts, the defendant asked the judge to rule that the goods having been sold to Hiram P. Bean, and the plaintiffs having afterwards sued his wife, the defendant, as principal, and having signed and sworn to a petition in bankruptcy, in which they made the statement that Hiram P. Bean was owing them this debt, they could not maintain this action. But the judge declined so to rule, and in-

structed the jury that the facts that the plaintiffs originally gave the credit to Hiram P. Bean, and charged the goods to him, and also signed and swore to a petition in bankruptcy, in which they stated the same debt was owing by him, were strong evidence that the debt was due from him, and not from the defendant; but that these facts were not conclusive against the plaintiffs, but were to be considered by the jury in connection with the other evidence in the case. The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*B. E. Perry & S. W. Creech, Jr.*, for the defendant.

*C. C. Barton*, for the plaintiffs.

BY THE COURT. The instruction to the jury was correct. The fact that the plaintiffs originally charged the goods to the agent, with whom they dealt, did not preclude them from resorting to the principal, when afterwards discovered. The statement, in their petition in bankruptcy against the agent, that he owed them this debt, was not conclusive against their right to maintain this action which they had already brought against the principal, and was rightly submitted to the jury with all the evidence in the case. *Raymond* v. *Crown & Eagle Mills*, 2 Met. 319.                              *Exceptions overruled.*