JAMES H. DUNHAM ET AL. VS. J. R. HOLLOWAY.

1. Where an officer, taking depositions, fails to show in his certificate that the same were taken at the place named in the notice, and where it further appears that the adverse party was not present when such depositions were taken, *held:* That the trial court erred in overruling a motion to suppress such depositions.

*Error from Oklahoma County.*

*Amos Green & Son* and *C. A. Leland,* for appellant.

*J. W. Johnson* and *Rogers & Howard,* for appellees.

Statement of case and opinion by

DALE, C. J.: October 1, 1891, James H. Dunham, William Buckley, Charles Webb and William E. Webb instituted suit in Oklahoma county against J. R. Holloway to recover judgment in the sum of $5,004.08.

On the same day the plaintiffs sued out an attachment upon the goods of defendant, and levied same upon his stock of merchandise located in Oklahoma City, the grounds set forth for such attachment being that defendant was about to sell, convey and otherwise dispose of his property subject to execution, with the fraudulent intent to cheat, hinder and delay his creditors, and that he was a non-resident of the Territory of Oklahoma.

Defendant entered a general denial as to the indebtedness and, in a separate answer, denied the grounds of attachment.

June 16, 1892, the cause came on for trial before a jury, and the jury found for the plaintiff, in the sum of five thousand, four hundred and thirty-four dollars and sixty-one cents ($5,434.61,) and also sustained the attachment proceedings. The defendant below filed

his motion for new trial, which being overruled, he brings the cause here for reversal.

The assignments of error filed on the motion for a new trial may be summarized as follows:

In refusing to grant defendant a hearing on his motion to discharge the attachment.

In ordering a trial of the question of the validity of the attachment, to a jury, in conjunction with the trial as to the merits of the complaint.

In overruling defendant's motion to suppress depositions, and in refusing to allow certain cross-interrogatories in depositions to be read to the jury, and in excluding testimony on behalf of defendant, and in giving and refusing instructions to. the jury.

In not setting aside an excessive judgment.

The verdict of the jury on the attachment issue is not supported by sufficient evidence and is contrary to law.

The special findings of the jury are not sustained by the evidence, and are contrary to law.

## OPINION OF THE COURT.

It was not error for the trial court to overrule appellant's motion to discharge the attachment. The law under which the attachment was sued out is adopted from the Indiana code, and the courts, in construing that statute, uniformly hold that proceedings in attchment are merely auxiliary to the main action, and that both the principal and attachment proceedings must be tried together.

*Foster vs. Dryfus*, 16 Ind. 158.
*Bradley vs. Bank*, 20 Ind. 928.
*Fork Co. vs. Lukrus*, 38 Ind. 438.

And it follows that no error was committed by directing the cause to be tried to a jury, because either party was entitled to a jury to try the question

of indebtedness, and both the main and the attachment proceedings being heard together, it follows that the two issues so joined must go to the jury where either party has demanded such jury for the trial of the cause.

Prior to the commencement of the trial the defendant below filed a motion to suppress the depositions of certain witnesses for the plaintiff, and to the ruling of the court upon such motion an exception was properly saved. The depositions referred to were those of J. H. Bradley, James H. Dunham, John T. Dutcher, Henry Walker and Edwin A. Davis.

The deposition of the first named witness was not taken at the same time as those were of the other witnesses.

In so far as the objection to the deposition of Bradley is concerned, we are of the opinion that it will not lie, such deposition being taken in substantial compliance with the Statutes. But we think the motion to suppress the depositions of Dunham, Dutcher, Walker and Davis should have been sustained upon the first ground stated in such motion, towit:

"That the certificate of the notary does not show the place where the said depositions were taken."

That portion of the certificate which bears upon the question under consideration reads as follows:

"That said depositions were, and each of them was, carefully read to the deponent giving such testimony before he subscribed to the same, and afterwards subscribed by said witnesses separately in my presence; that the defendant, J. R. Holloway, did not appear, and that the taking of said depositions commenced on Wednesday, the 30th day of December, A. D. 1891, and was finished on the same day and before 5 o'clock P. M."

Following, in the usual manner, is the name of the officer, seal, etc. Sec. 13, Art. 14, Code of Civil Pro-

cedure, in force at the date of taking the depositions
referred to, provides as follows:

"The officers shall annex a certificate to the depo-
sition, stating the following facts (omitting the first
three subdivisions):

"4.   The time and place of taking the deposition,
and the hours between which the same was taken;
and the officer shall sign and attest the certificate and
seal the same, if he have a seal of office."

The statute requiring the officer to show in his cer-
tificate the place where the deposition was taken is
mandatory, and the reason therefor is so apparent
that it hardly needs discussion.

This requirement is, obviously, for the purpose of
giving the adverse party an opportunity to be present,
if he wishes, when the deposition is taken, and the
certificate of the officer taking such deposition would
show that the terms of the notice are complied with.
If the adverse party had been present, a showing that
the deposition was taken at the place designated in
the notice, would not, perhaps, be necessary, for his
being present would waive any irregularity in either
the notice to take depositions or the certificate at
tached thereto.   But where the adverse party does not
appear, he waives nothing required in the statute, and
he has the right to presume that the deposition will
be taken in strict conformity with the statutes, and, in
the absence of a certificate, showing such fact, may
move to suppress the deposition, and such motion
should be sustained.

An examination of the record discloses the fact that
there is no evidence whatever showing any indebted-
ness upon the part of Holloway to the plaintiff below,
except such as appeared in the depositions of Dunham,
Dutcher, Walker and Davis; and, as we have shown,
the motion to suppress such depositions should have
been sustained; and, the defendant below having de-

nied the indebtedness, the claim of plaintiffs must be maintained by competent evidence. The judgment of the lower court must be reversed and the cause remanded for a trial *de novo.* It has been suggested that such reversal would not carry with it a new trial upon the attachment proceedings; but, the attachment being merely auxiliary to the main issue, it follows that where no judgment is obtained upon the principal question, the attachment must also fail.

*State vs. Miller,* 63 Ind. 475.

While other questions are raised by the bill of exceptions and assignment of errors, inasmuch as the ones discussed reverse the case, we do not deem it necessary to consider them.

Justices Burford, Scott and Bierer, concurring.

Justice McAtee not sitting.