Reginald D. BARNES and Kathryn R. Barnes, husband and wife, G. B. Jenkinson and Grace M. Jenkinson, husband and wife, Don W. Grier and Irene L. Grier, husband and wife, Ralph E. Smith and Sue L. Smith, husband and wife, Lester I. Nienhuis and Evelyn R. Nienhuis, husband and wife, Robert L. Ledterman, and the City of Tulsa, a municipal corporation, Plaintiffs in Error,

v.

Carl A. CLARK and Gertrude S. Clark, husband and wife, and Milton L. Berg and Naomi L. Berg, husband and wife, Defendants in Error.

No. 38817.

Supreme Court of Oklahoma.

Aug. 1, 1961.

Rehearing Denied Sept. 13, 1961.

LeRoy Blackstock, Tulsa, for plaintiffs in error.

Whceler, Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Robert L. Wheeler, J. G. Follens, Tulsa, for defendants in error.

IRWIN, Justice.

Ordinance No. 8096, enacted by the Mayor and Board of Commissioners of the City of Tulsa, vacated a portion of Terwilleger Boulevard in the City of Tulsa, subject, however, to an easement reserved by the City of Tulsa. Clark et al., defendants in error, commenced this action to perpetually restrain and enjoin the defendants, the City of Tulsa and the individual defendants, from enforcing said ordinance and from closing Terwilleger Boulevard to public use and to the use of the plaintiffs, and from appropriating the lands located therein to their individual use and benefit.

The defendants answered generally and specifically alleged that plaintiffs were estopped to complain of the enactment of Ordinance No. 8096. By cross-petition, the defendants sought to quiet title to that portion of the vacated boulevard abutting their respective properties by reason of the enactment of Ordinance No. 8096, and in accordance with Title 11 O.S.1951 § 659. The individual defendants are abutting landowners to the area in controversy.

The trial court found it was not necessary to determine the validity of Ordinance No. 8096, but ordered and decreed that the defendants be perpetually enjoined and restrained from interfering in any way with the free access of plaintiffs for ingress and egress over that portion of the boulevard which was vacated and also rendered judgment against the defendants on their cross-petition.

Terwilleger Boulevard was dedicated in 1928 and follows an old creek bed. In 1956, the plaintiffs, in conjunction with other property owners abutting on the boulevard, signed and circulated a petition for the purpose of having the entire boulevard vacated and closed as a public street. The petition contained a representation that for more than 31 years the boulevard had never been graded, improved or opened as a public street. At the hearing it developed that the portion of the boulevard involved herein was being used by a contractor in going to and from a construction site on the boulevard. Pursuant to the above mentioned petition and from the evidence submitted, Ordinance No. 7734, was enacted which vacated all the boulevard except that portion involved in the instant action and certain other small portions not material herein.

It is by virtue of plaintiffs' active participation in securing the enactment of Ordinance No. 7734, and receiving the benefits therefrom that defendants contend that plaintiffs are estopped to complain of the enactment of Ordinance No. 8096. The benefits referred to are the lands which reverted to them as abutting landowners on that portion of Terwilleger Boulevard which was vacated and which is located at the dead-end of that portion now in controversy.

Subsequent to the enactment of Ordinance No. 7734, the City of Tulsa installed a storm sewer along Terwilleger Boulevard, the underbrush and trees were cleared and bulldozers were used to cover the pipe and level the ground.

We will first consider defendants' contention that plaintiffs, by signing the orig-

inal petition to vacate Terwilleger Boulevard, including in particular the area in question, and having actively participated in the circulation thereof, are estopped from protesting or objecting to the vacation of the boulevard in accordance with Ordinance No. 8096.

 In support of their position, the defendants cite Apex Siding and Roofing Co. v. First Federal Savings & Loan Association of Shawnee, Okl., 301 P.2d 352 and Rader v. Star Mill & Elevator Co., 8 Cir., 258 F. 599. These cases state the general rule that inconsistent positions cannot be taken in the same action or in subsequent actions involving the same subject matter and the same parties or those in privity.

 There are exceptions to or limitations on the general rule above stated. See 19 Am.Jur. p. 709, Sec. 73. And there are certain essentials to the establishment of such estoppel as was recognized by this Court in the case of Colvert Ice Cream & Dairy Products Co. v. Citrus Products Co., 179 Okl. 285, 65 P.2d 455, wherein we held:

"Documentary evidence of previous inconsistent claims made by the plaintiff concerning the claim sued upon is properly admissible in evidence, but such evidence is not conclusive and may be rebutted and explained; and where it is of strong probative value, it nevertheless is not sufficient in law unless it is further established: (1) Such claim was successfully maintained in the former action; (2) such claims are clearly inconsistent; (3) a final judgment must have been rendered; (4) the parties and questions are the same; (5) the party pleading estoppel must have been misled and have changed his position; and (6) it must be unjust to permit the party to change positions."

See also Magnolia Petroleum Co. v. Ouart, 200 Okl. 258, 192 P.2d 698, and Maxfield v. Maxfield, Okl., 258 P.2d 915.

 Did the evidence establish the above essentials? The parties in the former proceeding sought to vacate all of Terwilleger Boulevard and by the adoption of Ordinance No. 7734, it could not be said that the proceeding was successfully maintained for the reason all the relief sought was not obtained, just a part thereof, as the entire boulevard was not vacated as prayed for in the Petition to Vacate. The petition to which Ordinance No. 8096 was responsive, was to vacate that portion of Terwilleger Boulevard which was not vacated by Ordinance No. 7734 although vacation was prayed for and this is an action to enjoin the enforcement of that ordinance.

Plaintiffs were parties to the original proceedings which sought to vacate Terwilleger Boulevard in its entirety. In the proceedings which form the basis of this action, plaintiffs were not parties, the petition to vacate was not presented to them nor was notice of any of the proceedings given them although the plaintiff Barnes, in a written communication to the City of Tulsa, asked that he be advised of the filing of any proceeding to close the unvacated portion of the boulevard. The defendants contend the plaintiffs were not proper parties in the proceedings in which Ordinance No. 8096 was adopted because they were not owners of property "abutting" the area sought to be vacated and cannot maintain the present action for the same reason.

Subsequent to the adoption of Ordinance No. 7734, improvements to the area involved were made as heretofore set forth. After completion of the improvements, an entirely different situation existed. The proceedings in the former action were based on conditions then existing when no part of Terwilleger Boulevard had been vacated; the proceeding in the instant action was commenced after Ordinance No. 7734 had been adopted which vacated a part of the boulevard and after the adoption of Ordinance No. 8096, which vacated the remainder of the boulevard.

We can only conclude that certain essentials necessary to estop plaintiffs from bringing the instant action are lacking and therefore hold they are not estopped from maintaining the present action.

We will now consider defendants' contention that plaintiffs are not owners of property "abutting" on the vacated area and therefore may not maintain this action. In support of this contention the defendants cite several cases promulgated by the courts of other states.

The issue herein is not whether plaintiffs are owners of land "abutting" on the vacated area, but whether or not the vacation of the boulevard results in special injury to the plaintiffs, distinct from that suffered by the general public, so as to entitle them to maintain this action. In Hedrick v. Padon, Okl., 333 P.2d 552, 555, this court, in considering whether an alley could be vacated, said:

> "By reason of the location of their lot with reference to the involved part of the alley, the plaintiff had an interest in the alley, not only as a public way, but also as a right 'peculiar to itself, in which the general public had no interest, and (which) exist in the nature of an incorporeal hereditament attached to said lots, and (which) is a valuable property right'. Siegenthaler v. Newton, 174 Okl. 216, 50 P.2d 192, 199.
>
> " * * * Simply stated, they could not destroy or appropriate plaintiffs' easement nor deprive them of their right of ingress and egress. Lindauer v. Hill, Okl., 262 P.2d 697."

In the instant action, plaintiffs by reason of the location of their lots with reference to the land involved in this action have an interest in the boulevard, not only as a public way, but also as a right "peculiar to itself" in which the general public has no interest and that is the right of ingress and egress over the land involved and an action may be maintained to protect that valuable property right.

Since the plaintiffs have a special interest in the tract involved, we can not sustain defendants' contention that the trial court erred in refusing to enter a judgment in their favor on their cross-petition decreeing to them a complete fee simple title in and to the vacated area abutting their respective properties. Nor were defendants entitled to judgment on their cross-petition because the boulevard had never been opened to public use and had been held adversely to the public for over five years. The evidence stands uncontradicted that during the last five years a portion of the area involved was not only used by the public in general on occasions but also by plaintiffs.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C J., and WELCH, DAVISON, HALLEY, JOHNSON and JACKSON, JJ., concur.