HALLIBURTON COMPANY and
R. B. Hamill, Petitioners,

v.

Kay Frances SCROGGINS, Executrix of the
Estate of Jerry Wayne Scroggins,
Deceased, Respondent.

No. 45246.

Supreme Court of Oklahoma.
Dec. 11, 1973.

As Amended on Denial of Rehearing
April 9, 1974.

Alex Cheek and John D. Cheek, Oklahoma City, Sam T. Allen, III, and David H. Loeffler, Sapulpa, John B. Cooper, Duncan, for petitioners.

Watson & Watson, Drumright, Hart, Rennie & McLain, Pauls Valley, Watts, Looney, Nichols & Johnson, Oklahoma City, for respondent.

WILLIAMS, Vice Chief Justice.

There is presented here by defendants in the trial court, Halliburton Company and R. B. Hamill, a petition for certiorari for the review of a certified interlocutory order. The action in the trial court (the District Court of Creek County) was for damages for wrongful death, and the order certified for review was an order overruling each defendant's demurrer to the petition, motion to dismiss and motion for summary judgment. Plaintiff in the trial court was Kay Frances Scroggins, Executrix of the Estate of Jerry Wayne Scroggins, deceased. We are asked to apply what is called the doctrine of preclusion against inconsistent positions in judicial proceedings.

The facts necessary to an understanding of the arguments presented may be briefly summarized. Scroggins was an employee of Shebester, Inc., an oil well servicing

company. On December 26, 1969, allegedly while working on a well in Garvin County, he was exposed to certain toxic chemicals. He thereafter developed a condition called aplastic anemia and became disabled. On April 7, 1970, he instituted a proceeding before the State Industrial Court for compensation, alleging that his condition was caused by the exposure on December 26, 1969, while employed by Shebester. Depositions were taken and hearings had, and on July 30, 1970, the trial judge entered an order for the payment of temporary total compensation, based upon findings that his condition was caused by "exposure of toxic chemicals" in the course of his employment during December, 1969, and January, 1970.

This order became final and the compensation was paid.

On September 18, 1970, in the District Court of Oklahoma County, Scroggins filed an action for damages for personal injury based on negligence, against Halliburton Company, Welex, Inc., a Halliburton subsidiary, later determined to have been merged with the parent company, Halliburton, and a named Welex employee, alleging that he was permanently and totally disabled, that his life expectancy had been shortened to two years, and that his condition resulted from exposure to radiation poisoning on September 20, 1969, while working for Shebester on a well in Oklahoma County, at a time when Welex was treating the same well with a highly radioactive substance (iodine 131). The action in Oklahoma County was later dismissed without prejudice and a similar action was filed against Halliburton and Hamill, a Halliburton employee, in the District Court of Creek County. This is the action in which the interlocutory order was later certified for review.

On October 29, 1970, pursuant to a stipulation made by the claimant and respondents, the trial judge of the State Industrial Court entered an order in the compensation case changing the findings in the order for payment of compensation for temporary total disability to show that the aplastic anemia from which Scroggins was

suffering had been caused by his exposure to radiation on September 20, 1969.

Scroggins died on March 3, 1971. Thereafter, by appropriate pleadings and amendments, the personal injury action in the District Court of Creek County became an action for damages for wrongful death with Kay Frances Scroggins, the executrix of his estate, as the plaintiff. She also instituted a new proceeding against the same employer in the State Industrial Court for death benefits under the Workman's Compensation Law, alleging that Scroggins' death resulted from his exposure to radiation poisoning on September 20, 1969. On April 1, 1971, an award of death benefits was made in an order finding that Scroggins died of aplastic anemia which resulted from an accidental injury in the course of his employment with Shebester, Inc., consisting of an exposure to radiation poisoning on September 20, 1969. This award became final and has been paid.

In the Creek County action for damages for wrongful death, after voluminous pleadings, motions and amendments which need not be considered here, the defendants separately filed demurrers to the petition, motions to dismiss, and motions for summary judgment, all based upon the proposition that plaintiff was judicially estopped by the doctrine of preclusion against inconsistent positions in judicial proceedings from maintaining the Creek County action. The trial court's order overruling the demurrers and motions was thereafter certified for interlocutory review.

From the factual standpoint, defendants' argument in this Court is that since, in his original claim before the State Industrial Court, Scroggins alleged that his condition resulted from an exposure to toxic chemicals in Garvin County on December 26, 1969, and supported those allegations with his own sworn testimony and that of his wife (now executrix of his estate) and medical experts, and thereafter accepted payment of compensation for temporary total disability under an order finding that his condition resulted from exposure in

December, 1969 and January, 1970, Kay Frances Scroggins is now judicially estopped from alleging that Scroggins' death resulted from aplastic anemia caused by exposure to a different chemical (iodine 131) at a different time (Sept. 20, 1969) and place (Oklahoma County).

The rule which we apply in this case is stated as follows in 28 Am.Jur. Estoppel and Waiver, § 68:

"Generally speaking, a party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts."

In 28 Am.Jur.2d Estoppel and Waiver, § 70 it is said:

"A number of limitations upon, or qualifications of, the rule against assuming inconsistent positions in judicial proceedings, have been laid down. Thus, the following have been enumerated as essentials to the establishment of an estoppel under the rule that a position taken in an earlier action estops the one taking such position from assuming an inconsistent position in a later action: (1) The inconsistent position first asserted must have been successfully maintained; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel must have been misled and have changed his position; and (6) it must appear unjust to one party to permit the other to change."

To the same general effect, see Barnes v. Clark, Okl., 364 P.2d 693; and Colvert Ice Cream and Dairy Products Co. v. Citrus Products Co., 179 Okl. 285, 65 P.2d 455.

It is not necessary to consider them in detail here, since several of the "essentials" are obviously missing in this case.

For one thing, we cannot say that the positions assumed by decedent and his wife and executrix in this case are so inconsistent that one necessarily excludes the other. See 28 Am.Jur.2d Estoppel and Waiver, § 70 at page 699. An allegation, supported by proof, in the conpensation case, that the aplastic anemia from which Scroggins was suffering was caused by the exposure to iodine 131 in Oklahoma County on September 20, 1969, would have supported the order for payment of compensation for temporary total disability equally as well as the allegation that the aplastic anemia resulted from the exposure on December 26, 1969. In *Colvert*, supra, we held, in effect, that a plaintiff who had previously filed a claim against a bankrupt agent upon a particular debt, was not thereafter precluded from filing suit upon the same debt against the principal.

It may be doubted, also, that Scroggins "had, or was chargeable with, full knowledge of the facts" when he filed his original claim before the State Industrial Court. It is stated in the testimony and urged in the briefs that at that time, neither Scroggins, his medical experts, nor his counsel, was aware either that the substance to which he had been exposed on September 20, 1969, was radioactive iodine 131, or that its effect would be that which later was determined to have developed.

Moreover, upon the record before us, we cannot say that defendants were misled or that they changed their position.

In this view of this case we feel it is not necessary to discuss defendants' argument that the parties and questions in the two proceedings must be the same.

For all of these reasons, we hold that the doctrine of preclusion against inconsistent positions in judicial proceedings is not applicable in the case now before us.

The certified interlocutory order is therefore affirmed, and this cause is remanded to the trial court for such further proceedings as may be required.

All the Justices concur.