Byron D. **PARKER** and Jill
D. Parker, Petitioners,

v.

Theodore M. **ELAM**, an individual and as agent, servant and employee of McAfee & Taft, a professional corporation, and McAfee & Taft, a professional corporation, Respondents.

No. 75745.

Supreme Court of Oklahoma.

March 3, 1992.

As Corrected March 9, 1992.

Ralph A. Sallusti, Oklahoma City, Allan R. Fowler, Palm Desert, Cal., for petitioners.

Matt Dowling, Burck Bailey, Eric S. Eissenstat, Oklahoma City, for respondents.

KAUGER, Justice.

The issue presented is whether after remand from the Court of Appeals a petition may be amended. We find that: 1) under the facts presented, amendment of the petition is not barred by either the doctrines of judicial estoppel or the law of the case; and

2) pursuant to 12 O.S.Supp.1984 § 2015(C), an amendment arising from conduct outlined in an original pleading relates back to the date of the filing of the pleading sought to be amended.[1]

## FACTS

On May 28, 1985, the petitioners, Byron D. Parker and Jill D. Parker (collectively, Parker), filed a negligent representation action against the respondents, Theodore M. Elam and McAfee & Taft (collectively, Elam/lawyers/attorneys). The cause, *Parker v. Elam* (*Elam I*), was dismissed for prematurity pending a decision on appeal of the underlying lawsuit, *Cunningham v. Parker* (*Cunningham*). The *Cunningham* appeal was dismissed on April 22, 1986. On October 7, 1986, Parker filed the instant cause, *Parker v. Elam* (*Elam II*). *Elam II,* like *Elam I,* is a negligent representation action.

Elam filed a motion for summary judgment on December 24, 1986, alleging that: 1) the judgment in *Elam I* barred a second negligent representation action; 2) dismissal of the *Cunningham* suit precluded prosecution of the negligent representation claim; and 3) Parker's failure to demonstrate that, absent malpractice on the part of the attorneys, he would have prevailed in *Cunningham,* resulted in the failure of any negligent representation claims as a matter of law. The trial court granted summary judgment. On appeal, the Court of Appeals reversed finding that: 1) the dismissal of *Elam I* for prematurity did not bar a second action for negligent representation; and 2) because the merits of the negligent representation action were not addressed in *Elam I,* the first suit did not preclude the filing of a second action based on principles of res judicata or collateral estoppel. The Court of Appeals also found that dismissal of the *Cunningham* suit would not bar a negligent representation action as a matter of law. This finding was grounded in the premise that the allegations in *Elam II* were based on advice given by Elam on "corporate affairs" leading to the adverse judgment in *Cunningham* rather than on allegations of negligence occurring in the *Cunningham* trial. However, the Court of Appeals went on to find:

"Even if the Parkers had interposed a defense to Cunningham's lawsuit that they were acting in good faith on advice of counsel, the trial court's finding of Parkers' liability would not conclusively establish the lack of negligence of Defendants herein.... all issues raised by (Parker's) petition remain unresolved."

After remand, Parker amended the petition in *Elam II* alleging that the *Cunningham* suit was mishandled. These allegations include arguments that: Elam should have recognized a conflict of interest in undertaking the representation; he should have been prepared to appear as a witness in the *Cunningham* suit; and that he failed to present mitigating evidence of Parker's motivations in the attempted corporate takeover. Parker asserted that Elam had participated in wrongdoing, exercised undue influence, proceeded in bad faith, and breached a fiduciary duty. The amended petition does not contain an assertion that, absent the conduct of Elam, Parker would have prevailed in the *Cunningham* suit.

Elam objected to the amendments on the basis that the new claims were barred by the statute of limitations and the doctrines of the law of the case and judicial estoppel. The trial court dismissed the amended claims and certified its ruling for immediate appeal. We granted the certified interlocutory order on October 1, 1991, and ordered the parties to submit briefs. The briefing cycle was completed on January 21, 1992.

---

1. Title 12 O.S.Supp.1984 § 2015 provides in pertinent part:

"... C. RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading...."

## I.

UNDER THE FACTS PRESENTED, AMENDMENT OF THE PETITION IS NOT PRECLUDED BY EITHER THE DOCTRINES OF JUDICIAL ESTOPPEL OR THE LAW OF THE CASE.

Parker asserts that the amendments made to the petition after remand are not precluded by the doctrine of judicial estoppel. Elam insists that the additional claims are barred and that the Court of Appeals decision constitutes the law of the case. We disagree.

 Under the doctrine of judicial estoppel, a party who knowingly and deliberately assumes a particular position is estopped from assuming an inconsistent position to the prejudice of the adverse party.[2] Judicial estoppel applies only to prevent the advancement of inconsistent positions vis-a-vis matters of fact. It does not prevent a party from asserting a legal theory contrary to one advanced earlier in litigation.[3] Evidence of a previous inconsistent claim is properly considered in evidence, but the documentation is not conclusive. It may be rebutted or explained.[4]

[4, 5] Elam quotes language from Parker's brief in chief submitted in the original appeal in *Elam II* as support for the proposition that Parker is estopped to allege bad faith, gross negligence, breach of fiduciary duty and undue influence related to the proceedings in the trial of the *Cunningham* suit. Elam points to language in the brief stating that the claims related to: 1) non-litigation actions which Parker took on the advice of Elam; and 2) misinformation in how to effectively take control of the corporation.[5] The language quoted tends to indicate that the prior claims were not based upon trial negligence per se. However, the same brief contains language indicating that Parker did assert that: 1) Elam might have been an important witness in the *Cunningham* suit; 2) Elam should have advised him to seek independent representation in defense of the corporate action; and 3) Elam took care in the *Cunningham* suit not to expose his potential liability.[6] Because these arguments are almost identical to those that Elam opposes in the amended petition here, we cannot conclude that the amendments to the petition are inconsistent with the position maintained before the Court of Appeals. Par-

2. *Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121, 128 (Okl.1984).

3. *Panama Processes, S.A. v. Cities Service Co.*, 796 P.2d 276, 286 (Okl.1990).

4. *State v. Liberty Investors Life Ins. Co.*, 543 P.2d 1390, 1400 (Okl.1975); *Barnes v. Clark*, 364 P.2d 693, 695 (Okl.1961).

5. The language referred to is found at p. 6 of Elam's answer brief and provides:

"In their appeal brief, Appellants plainly stated their position. Appellants argued that it was the 'non-litigation actions which Appellants took on the advice of Appellees' which was at issue in the case. (Record 647.) Appellants told the Court that their claim was simply 'that Appellees had misadvised them in how to take control of Synthetic.'"

6. Parker's brief in chief in the original appeal provides in pertinent part:

"Elam's firm undertook the defense of Cunningham's lawsuit and continued to assure Parker that he had no reason to be concerned that the election would be set aside, as Cunningham prayed. Joseph Bocock ('Bocock'), of McAfee & Taft tried the case, and Elam did not participate as a witness or otherwise, except to continue to assure Parker that he would win. Both lawyers advised Parker regarding corporate actions he took between the shareholders' meeting where Parker took control, on June 10, 1983 and the end of the liability portion of the trial in *Cunningham v. Parker*, on October 28, 1984. Parker never sought, nor was he advised to seek, any other legal opinions regarding the conduct of his defense or his corporate office." Appellant's brief in chief, p. 6.

"It cannot be said that Parker had a full and fair opportunity to litigate the question of his fraudulent intent, when the persons who advised and counseled him professionally in the acts he performed, and, moreover, were the same persons who presented his defense and took care not to expose their own liability by evidence either offered or elicited.... Had Appellees been parties, or even witnesses in *Cunningham v. Parker*, the issue of Parker's culpability might well have been decided differently. Evidence of Parker's desire to dissolve the corporation being supplanted by his attorneys' scheme for Parker to take control raises far different factual and legal issues than were litigated in the previous action." Appellant's brief in chief, p. 24.

ker was not precluded from amending the petition on remand by the doctrine of judicial estoppel.[7]

■■■ The settled-law-of-the-case doctrine bars relitigation of issues settled by a prior appeal.[8] The Court of Appeals found in the first appeal that the petition was sufficient to state a cause of action for negligence, and it reversed the trial court's grant of summary judgment. However, the opinion also provides that "all the issues raised by (Parkers') petition remain unresolved." The only issue settled by the first appeal is that the original petition contained facts supporting a cause of action for negligent representation. Nothing in the Court of Appeals opinion precludes Parker's amendment of the petition to specify additional acts relating to the claimed negligence.

## II.

PURSUANT TO 12 O.S.SUPP.1984 § 2015(C), AMENDMENTS TO A PETITION RELATE BACK TO THE DATE OF FILING OF THE PLEADING SOUGHT TO BE AMENDED IF THE ADDITIONAL CLAIMS ARISE FROM CONDUCT OUTLINED IN THE ORIGINAL PLEADING.

Because the Court of Appeals opinion did not limit the issues to be decided, Parker contends that he could amend the petition after remand to encompass acts taking place during the *Cunningham* suit. Elam argues that the amendments are barred by the statute of limitations.[9]

■■■ The transactional approach applies in determining the scope of a cause of action.[10] Under the transactional approach, the events underlying a party's claim delineate the parameters of the cause of action. This approach ensures that litigants may assert different theories of liability without violating the purpose of the statute of limitations[11]—notice and an opportunity to prepare a defense.[12] Pursuant to 12 O.S.Supp.1984 § 2015(C), whenever a claim asserted in an amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.[13]

■■■ The petition Parker sought to amend on remand provides that Elam's negligence first became apparent on October 28, 1983—the last day of trial in the *Cunningham* suit. The petition provides that Parker continued to rely on Elam's advice until the conclusion of the trial. It also contains an assertion that once judg-

---

7. Even if evidence of estoppel is of strong probative value, it is legally insufficient to establish the defense of judicial estoppel unless it also shows that: 1) the claim was successfully maintained in the former action; 2) the claims are clearly inconsistent; 3) a final judgment has been rendered; 4) the parties and the questions are the same; 5) the party pleading estoppel was misled and has changed his/her position; and 7) it is unjust to permit the party to change positions. *State v. Liberty Investors Life Ins. Co.,* 543 P.2d 1390, 1400 (Okl.1975); *Barnes v. Clark,* 364 P.2d 693, 695 (Okl.1961). Because of the similarity of assertions in Parker's brief on appeal and those contained in the amended petition, it does not appear that Elam was either misled into a changed position or that it would be unjust to allow Parker to maintain a claim based upon actions taking place during the *Cunningham* trial.

8. *McDonald v. Humphries,* 810 P.2d 1262, 1266 (Okl.1990); *Muncrief v. Memorial Hosp.,* 767 P.2d 400, 403 (Okl.1988).

9. Elam does not assert that the original petition was not filed within the time allowed to bring an action for malpractice. *Funnell v. Jones,* 737 P.2d 105, 108 (Okl.1987), *cert. denied,* 484 U.S. 853, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987) (Two year statute of limitations in malpractice action begins to run from the date of the negligent act or from the date the plaintiff should have known of the act complained of.).

10. *Chandler v. Denton,* 741 P.2d 855, 862 (Okl. 1987). See also, *Wiley Elec., Inc. v. Brantley,* 760 P.2d 182, 184 (Okl.1988).

11. *Chandler v. Denton,* see note 10 at 862–63, supra.

12. *Chandler v. Denton,* see note 10 at 863, supra; *C & C Tile Co., Inc. v. Independent School District Number 7 of Tulsa County,* 503 P.2d 554, 559 (Okl.1972).

13. Title 12 O.S.Supp.1984 § 2015, see note 1, supra.

ment was entered on the damages portion of the suit on December 28, 1984, Parker offered to allow Elam to handle the appeal pro bono, and that Elam's failure to do so was damaging. The amendments do not assert a new occurrence as the basis for Elam's liability. Instead, they are premised on continuing conduct beginning when Elam was hired in the corporate takeover pursuit, running through ineffective advice given during trial, and terminating with Elam's refusal to prosecute the appeal. The amendments allege substantially the same operative event as the basis for liability as was pled in the original petition. Amendments to a petition relate back if they add a theory of liability which rests upon the same operative events originally pled.[14] Except for one claim premised on Elam's defense of the negligent representation action, all the allegations contained in the amended petition concern actions taken between the time Elam was hired to advise Parker on the corporate takeover and the time of appeal in *Cunningham.* The claims contained in the amended petition arose out of the same conduct pled in the petition sought to be amended. They are not barred by the statute of limitations. Instead, they relate back to the pleading sought to be amended.

## CONCLUSION

 On remand from a reversed judgment, the parties are entitled to introduce additional evidence, supplement the pleadings, and expand the issues, unless specifically limited by the proceedings in error.[15] A judgment, reversed and remanded, stands as if no trial has been held.[16] Ordinarily, amendments can be made to the pleadings and additional evidence can be offered on remand.[17] Pursuant to 12 O.S.Supp.1984 § 2015(C), whenever a claim asserted in an amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.[18]

The Court of Appeals opinion determined that *Elam II* was not barred by res judicata or collateral estoppel because no previous decision had been made on the merits. The opinion does not limit the issues to be considered on remand but provides that all issues remain unresolved. The amendments made upon remand arise from the same conduct, transaction, or occurrence set forth in the pleading sought to be amended. They relate back to the original pleading and are not barred by the statute of limitations. We express no opinion on the merits of the underlying negligent representation action.

REVERSED AND REMANDED.

LAVENDER, SIMMS, DOOLIN, HARGRAVE and ALMA WILSON, JJ., concur.

OPALA, C.J., concurs in result in Part I, concurs in Part II.

HODGES, V.C.J., dissents.

SUMMERS, J., not participating.

**14.** *Chandler v. Denton,* see note 10 at 863–64.

**15.** *Matter of Michael K.,* 614 P.2d 1104, 1106 (Okl.1980); *Continental Casualty Co. v. Goodwin,* 180 Okl. 365, 69 P.2d 644–45 (1937).

**16.** *Benham v. Plotner,* 795 P.2d 510, 513 (Okl. 1990); *Seymour v. Swart,* 695 P.2d 509, 512–13, 48 A.L.R.4th 739, 746 (Okl.1985).

**17.** *Continental Casualty Co. v. Goodwin,* see note 15, supra.

**18.** Title 12 O.S.Supp.1984 § 2015(C), see note 1, supra.